**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**KENDELEE L. WORKS, ESQ.**
Nevada Bar No. 9611
kworks@christiansenlaw.com
**CHRISTIANSEN TRIAL LAWYERS**
710 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 240-7979
Facsimile: (866) 412-6992
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY E. BURNS, (a/k/a GREG TRAVELL), an Individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X inclusive,<br><br>Defendants. | CASE NO.: 2:22-cv-00476<br><br>**DEFENDANT GREGORY E. BURNS NOTICE OF REMOVAL** |

**DEFENDANT GREGORY E. BURNS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Gregory E. Burns, hereby gives notice of removal of this action, captioned *Jane Doe v. Gregory E. Burns, (a/k/a Greg Travell)*("Burns"), Case No. A-21-840435-C, from the Eighth Judicial District Court, Clark County, Nevada, where the action is now pending, to the United States District Court for the District of Nevada. Pursuant to 28 U.S.C. § 1446(a), Burns provides the following statement of the grounds for removal:

**INTRODUCTION**

1. This action is a civil action within the meaning of Acts of Congress relating to removal of cases.

2. Plaintiff Jane Doe, an individual, filed an Amended Complaint for damages in the Eighth Judicial District Court, in and for Clark County, Nevada (the State Court). The State Court assigned this matter number A-21-840435-C. The Amended Complaint alleged causes of action for Battery, Negligence, and Negligent/Intentional Infliction of Emotional Distress.

3. The Amended Complaint filed alleges damages "in excess of $15,000.00."

4. As discussed more fully below, there is federal diversity jurisdiction as to Defendant. And, judicial economy would be furthered if all removal questions were addressed by this Court.

**BACKGROUND**

5. On September 3, 2021, Plaintiff, Jane Doe, filed an Amended Complaint in the District Court of Clark County, Nevada against Burns.

6. The Complaint asserts causes of action for Battery, Negligence, and Negligent/Intentional Infliction of Emotional Distress.

7. Although the Complaint asserts Defendant Burns is a resident of Nevada, Defendant Burns now resides and is domiciled in the State of Tennessee.

8. The Complaint asserts Plaintiff has been a "resident of Clark County, Nevada for all time periods relevant to [the] Complaint, but upon information and belief, Plaintiff now resides in the State of Pennsylvania.

9. Whether Plaintiff is a citizen of Nevada or Pennsylvania, complete diversity of citizenship nevertheless exists as between Plaintiff and Defendant Burns.

10. Burns received notice of the Complaint by way of an Amended Notice of Service of Affidavit of Publication, which was filed in the state court on February 28, 2022. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders purportedly served on Defendant is attached hereto as Exhibit 1. A copy of the state court docket, as well as all papers filed in the state court action, is attached hereto as Exhibit 2.

**VENUE AND JURISDICTION**

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 108, 1391, 1441(a), and 1446(a) because the District Court of Clark County, Nevada, where the Complaint was filed, is a state court within the District of Nevada.

CHRISTIANSEN TRIAL LAWYERS

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL DEFENDANTS.**

13. There is complete diversity of citizenship here because Plaintiff is either a Nevada citizen or Pennsylvania citizen and Defendant Burns, the sole Defendant, is a citizens of and domiciled in a state other than Nevada.

14. Plaintiff is either a Nevada citizen or upon information and belief, a citizen of the State of Pennsylvania. *See* Compl. ¶ 4.

15. Defendant Burns, the sole Defendant, is a citizen of a state other than Nevada.

**II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

16. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

17. Where the complaint does not establish a specific amount in controversy, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum[.]" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation and internal quotation marks omitted). That is the case here.

18. Here, Plaintiff requests general, special, compensatory and punitive damages, along with attorneys' fees and costs of suit. Plaintiff seeks such damages based upon allegations Defendant Burns somehow contributed to her intoxication and inability to meaningfully consent and sexually assaulted her. Plaintiff has previously demanded, through counsel, sums in excess of $75,000.00. It is thus, clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. *See Zurich Am. Ins. Co. v. S. Atlanta Urgernt Care Clinic, LLC*, No. 1:16-CV-1633-SCJ, 2017 WL 3500367 (N.D. Ga. Feb. 1, 2017)(finding that jurisdictional amount in controversy was met where claimant had offered to settle for $300,00.00 based in part, on allegations of sexual

CHRISTIANSEN TRIAL LAWYERS

assault, noting such claims are based on a "deeply personal violation," for which juries very often see fit to award substantial damages and citing two state court damages awards exceeding $100,000.00).

**III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.**

19. This Notice of Removal is timely filed. Burns received the Complaint by way of an Amended Notice of Service of Affidavit of Publication of Summons and Amended Complaint, filed on February 28, 2022, which attached a February 23, 2022 Affidavit of Publication. Because Burns is filing the instant Notice of Removal on March 16, 2022, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

20. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all Defendants who have been properly joined and served must consent to removal.

21. Defendant Burns is the sole Defendant in the state court action and hereby consents to and seeks removal.

22. By filing this Notice of Removal, Defendant Burns expressly reserves and does not waive any defense that may be available to him, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises as to the propriety of the removal to this Court, Defendant Burns requests the opportunity to present a brief oral argument in support of its position that this case has been properly removed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CHRISTIANSEN TRIAL LAWYERS

**CONCLUSION**

WHEREFORE, Defendant Burns hereby removes this action from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada.

DATED: March 16, 2022.

CHRISTIANSEN TRIAL LAWYERS

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
710 South 7th Street
Las Vegas, NV 89101
*Attorneys for Defendant Gregory Burns*

# EXHIBIT 1

## COPIES OF ALL PROCESS, PLEADINGS, AND ORDERS SERVED ON DEFENDANTS

Electronically Filed
9/1/2021 3:39 PM
Steven D. Grierson
CLERK OF THE COURT

PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
**-and-**
NATHAN GOLDBERG, ESQ. (CA Bar #61292)
Email: ngoldberg@amglaw.com
**ALLRED, MAROKO & GOLDBERG**
6300 Wilshire Blvd., Suite 1500
Los Angeles, CA 90048
Telephone: (323) 302-4774

*Attorneys for Plaintiff Jane Doe*

CASE NO: A-21-840435-C
Department 5

**PAUL PADDA LAW, PLLC**
**4560 South Decatur Boulevard, Suite 300**
**Las Vegas, Nevada 89103**
**Tele: (702) 366-1888 • Fax (702) 366-1940**

# DISTRICT COURT

# CLARK COUNTY, NEVADA

JANE DOE, an individual,

Plaintiff,

vs.

GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive;

Defendants.

Case No.

Dept. No.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff Jane Doe for her causes of action against Defendant Gregory E. Burns (also known as "Greg Travell") hereby complains and alleges as follows:

. . .

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## I.

## INTRODUCTION

1. This is a case involving a sexual battery and intentional infliction of emotional distress. Specifically, Defendant Burns had sexual intercourse with Plaintiff on or about September 22, 2019 at a time when she was *incapable of consent*. Plaintiff has been damaged on account of Defendant Burns' actions.

## II.

## JURISDICTION

2. This Court has jurisdiction over this matter because the acts complained of herein, including the sexual assault, occurred in Clark County, Nevada.

3. Venue is proper in this Court because the events and/or omissions giving rise to the claims occurred in Clark County, Nevada.

## III.

## THE PARTIES

4. Plaintiff has been a resident of Clark County, Nevada for all time periods relevant to this Complaint.

5. Defendant Burns has been a resident of Clark County, Nevada for all time periods relevant to this Complaint. Upon information and belief, Defendant Burns transacts business in Nevada and maintains a residence in Las Vegas at the Panorama Towers (a luxury, high-rise condominium complex located at 4525 Dean Martin Drive, Las Vegas, Nevada).

6. Defendant Burns knows the name and identity of Plaintiff.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

7. Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, apparent agents, ostensible agents, servants, employees, alter-egos, partners, co-owners, and/or joint ventures, co-conspirators, of each other and of their co-Defendants and by reason of such relationships, the Defendants, and each of them, are jointly and severally liable for the acts or omissions of their co-Defendants, as alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as Doe/Roe is/are legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

8. Plaintiff reserves her right to amend this pleading at a future date to add, if appropriate and applicable, additional parties who may be liable for her injuries along with additional causes of action.

## IV.

## FACTUAL ALLEGATIONS

9. Plaintiff was born and raised in Nevada. She was approximately 24-years old on the date of the incident (September 22, 2019). At that time, she was still living with both her parents in Henderson, Nevada. Plaintiff was also working part-time while taking a biology class anticipating post-graduate studies. Currently, she is employed as a professional healthcare worker.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

10. On the evening of September 21, 2019 Plaintiff met a group of young people, one of which was her friend in college (all of them ranging in age from approximately 23 to 28 years old), at Panorama Towers (Panorama) in Las Vegas at the residence of "T.J." T.J. (then approximately 23-24 years of age) was a male acquaintance of Plaintiff's friend.

11. After initially meeting at Panorama, Plaintiff went with the group, which included T.J. to a "karaoke" bar.

12. After karaoke, Plaintiff and the group ate food at a sandwich shop. She consumed french fries and half a sandwich. Plaintiff and the group then returned to Panorama at approximately midnight and/or the early morning hours of September 22, 2019.

13. T.J. then invited Plaintiff and the group to Omnia Nightclub at Caesars Palace.

14. Plaintiff's friend, J.H., and her boyfriend, declined the invitation to go to Omnia Nightclub and instead went home.

15. Plaintiff, who had only been to a Las Vegas nightclub on one other occasion, believed she was not appropriately dressed to go to a Las Vegas nightclub such as Omnia as Plaintiff was wearing regular jeans, a wide-strap tank top T-shirt covering her chest and stomach and flat walking sandals. Given her casual attire, Plaintiff asked T.J. if Plaintiff was dressed up enough to go to Omnia Nightclub. T.J. told her she would have "no problem" getting in.

16. On information and belief, T.J. knew Defendant Burns, a 50+ year old male, who like T.J., also lived at Panorama. That night/early morning, Defendant Burns was already at the Omnia Nightclub, waiting for T.J. to arrive.

17. Upon information and belief, Defendant Burns frequents Las Vegas nightclubs with T.J.

18. Defendant Burns (in his fifties) told T.J. (approximately 23-years old) to meet him at Omnia Nightclub by excitedly texting him on September 22, 2019 at approximately 12:37 a.m. the following message: *"The entourage of 21 year olds (sic) arrived," "Are you en route?," "Their (sic) hot !," "Table 322" "Hurray!" "I need some support" "Exhausting being*

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

*only guy at a table!"* T.J. responded to Defendant Burns that he and his group were walking into Caesars Palace where Omnia Nightclub was located.

19. Thereafter, Plaintiff, T.J., T.J.'s female companion and another male "A.A." (also approximately mid-20 years of age) made their way to Omnia Nightclub.

20. When Plaintiff arrived at the Omnia Nightclub table where Defendant Burns was seated, Plaintiff observed Defendant Burns with several other young women whom all appeared to be in their early 20s. There was only space at the table for one more person to be seated.

21. Although both Plaintiff and A.A. (a male) were standing, Defendant Burns asked only Plaintiff to "sit down." She sat down next to him. He then asked her if she wanted an alcoholic drink.

22. On information and belief, within about half and hour, T.J. and his female companion left Omnia Nightclub, leaving Plaintiff and A.A., alone with Defendant Burns.

23. Defendant Burns mixed an alcoholic drink for Plaintiff. When Plaintiff asked him if he was going to have a drink as well, he replied by stating "I don't drink."

24. Defendant Burns told Plaintiff that he owned a "talent agency" and that he "flies back and forth from New York."

25. At some point before Plaintiff left Omnia, A.A, left Plaintiff with Defendant Burns at the table for approximately thirty minutes or more. When A.A. returned to the table, Defendant Burns and Plaintiff were no longer at the table.

26. Plaintiff believes and thereon alleges that at approximately 1:50 a.m. on the morning of September 22, 2019, Defendant Burns took Plaintiff from Omnia Nightclub back to Defendant Burns' condominium at Panorama.

27. After having drinks mixed by Defendant Burns, Plaintiff had no memory of leaving Omnia Nightclub with Defendant Burns. Additionally, she has no memory of how Plaintiff got from Omnia Nightclub to Defendant Burns' condominium.

28. At approximately 9:00 or 9:30 a.m., on September 22, 2019, Plaintiff woke up dazed, confused, face down in Defendant Burns condominium, in his bed, wearing only her bra

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

and nothing else.  Plaintiff described feeling "really out of it," and recalled seeing a nightstand drawer with condoms coming out of it.

29.     Plaintiff had no memory or recollection of how she ended up near-naked in Defendant Burns' condominium and in his bed.

30.     Plaintiff immediately collected her clothes and phone scattered in the living room of Defendant Burns' condominium and left the premises.  For the remainder of most of the day, Plaintiff slept.  Plaintiff felt a bodily sensation she had never previously experienced.

31.     Plaintiff believes and thereon alleges that in the early morning hours of September 22, 2019, Defendant Burns engaged in sexual intercourse with Plaintiff.  Defendant Burns does not dispute that he engaged in sexual intercourse with Plaintiff.  At the time Defendant Burns had sexual intercourse with Plaintiff, she was passed-out, unconscious and/or otherwise incapable of consenting to sexual intercourse with him.

32.     In those early morning hours of September 22, 2019, Plaintiff did not and would not have consented to sexual intercourse with Defendant had she been otherwise capable of consent.

33.     Defendant knew or otherwise should have known that Plaintiff was incapable of consenting to sexual intercourse with Defendant but nonetheless took advantage of Plaintiff by taking Plaintiff from Omnia Nightclub back to his condominium and having sexual intercourse with Plaintiff.  In fact, after meeting Plaintiff for the first time, Defendant Burns desired to have sex with her that same day.  Given the text message he had sent T.J. prior to Plaintiff's arrival at the nightclub, Defendant Burns was already in a sexually giddy and excited mood at the entourage of "21-year-olds" noting that they were "hot."

34.     Upon information and belief on the early evening of September 22, 2019, the same day that Plaintiff woke up nearly naked in Defendant Burns' bed, Defendant Burns and T.J. made plans to meet each other in the lobby of Panorama.

35.     As it dawned on Plaintiff that she had been raped and taken advantage of by Defendant Burns in the early morning hours of September 22, 2019, Plaintiff later called the Rape Crisis Hotline, confided with her close friend and her sister about her sincere belief that

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

she had been sexually assaulted. She also asked T.J. (who also lived at Panorama) if T.J. could obtain video surveillance footage of the early morning hours of September 22, 2019. Despite her request, Plaintiff was not able to get this footage.

36. On September 25, 2019, Plaintiff presented to University Medical Center (UMC) Emergency Department for a "Jane Doe" Sexual Assault Nurse Examination (SANE). Plaintiff complained of sexual assault and described to the best of her recollection the events of September 21-22, 2019 to the examining nurse.

37. On September 27, 2019, Plaintiff filed a police report with Las Vegas Metropolitan Police Department (LVMPD) alleging a "Sexual Assault" by Defendant Burns.

38. On October 11, 2019, Plaintiff received a text from a number she did not recognize. Upon reading the message, it became apparent it was Defendant Burns reaching out to her. She immediately confronted him about what had occurred on September 22, 2019. Defendant Burns did not respond to Plaintiff.

39. In or about November 2019, Plaintiff sought counseling and treatment for mental and emotional distress as a result of the actions of Defendant Burns. She continues to seek professional counseling and treatment to date as a result thereof.

40. Since the incident of September 22, 2019, Defendant Burns has behaved in a threatening and hostile manner and has sought to intimidate Plaintiff and others.

. . .

. . .

. . .

. . .

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## V.

## PLAINTIFF'S CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (SEXUAL BATTERY)

41.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs.

42.     Defendant Burns made intentional, unlawful, unwanted, and harmful contacts, including but not limited to contact of a sexual nature with Plaintiff and without consent, at a time when she was otherwise incapable of consent: to wit: Defendant Burns took Plaintiff to his condominium in the early morning hours of September 22, 2019, the manner and mode of which Plaintiff has no memory or recollection and Defendant Burns had sexual intercourse with Plaintiff while she was unconscious and/or otherwise incapable of consenting.

43.     As a result of Defendant Burns intentional, unlawful, unwanted and harmful contacts, Plaintiff suffered physical, mental, and emotional damages in an amount in excess of $15,000.00, to be determined at time of trial.

44.     Defendant Burns knew or otherwise should have known that Plaintiff was incapable of consenting to sexual intercourse with Defendant Burns on September 22, 2019.

45.     That at all time mentioned herein Defendant Burns, acted with fraud, malice, and/or oppression toward Plaintiff, exhibited an intention and willingness to make contact with Plaintiff's body and person when she was incapable of consent, with conscious disregard for Plaintiff's rights and safety, and should be punished by imposition of punitive or exemplary damages in an amount in excess of $15,000.00, to be proven at time of trial.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

46. It has been necessary for Plaintiff to retain the services of an attorney to bring this action. Plaintiff is entitled to recover all attorneys' fees and costs herein.

**SECOND CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

47. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs.

48. Defendant Burns' conduct toward Plaintiff was extreme and outrageous with either the intention of, or reckless disregard for causing Plaintiff severe emotional distress.

49. As a direct and proximate result of the aforesaid conduct of Defendant Burns alleged herein, Plaintiff has suffered extreme emotional distress which caused and will continue to cause the Plaintiff mental and nervous pain and suffering. Additionally, the emotional distress experienced by Plaintiff has physically manifested itself by causing Plaintiff to experience deep anxiety, sleeplessness, nausea, bodily discomfort, vulnerability and exhaustion.

50. As a direct and proximate result of Defendant Burn's actions and conduct, Plaintiff suffered significant injury in body and mind, incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage and detriment, in an amount in excess of $15,000.00, to be determined according to proof at time of trial.

51. Defendant Burns conduct constitutes intentional, malicious, willful, and wanton acts, thereby entitling Plaintiff to punitive damages according to proof at time of trial.

52. It has been necessary for Plaintiff to retain the services of an attorney to bring this action. Plaintiff is entitled to recover all attorneys' fees and costs herein.

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## VI.

## DEMAND FOR JURY TRIAL

53. Plaintiff demands trial by jury on all triable issues arising out of this lawsuit.

## VII.

## RELIEF REQUESTED

54. Plaintiff requests the following relief:

a. General, special, compensatory damages, according to proof, to be determined at time of trial.

b. Punitive damages, according to proof, to be determined at time of trial;

c. Attorneys' fees and costs of suit;

d. All other legal and equitable relief allowed by federal and state law; and

e. Such other further relief as the Court may wish to entertain.

Respectfully submitted,

/s/ Paul S. Padda

Paul S. Padda, Esq.
PAUL PADDA LAW
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888

Attorney for Plaintiff

Dated: September 1, 2021

Electronically Filed
9/3/2021 11:56 AM
Steven D. Grierson
CLERK OF THE COURT

**ACOMP**

PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
**-and-**
NATHAN GOLDBERG, ESQ. (CA Bar #61292)
Email: ngoldberg@amglaw.com
**ALLRED, MAROKO & GOLDBERG**
6300 Wilshire Blvd., Suite 1500
Los Angeles, CA 90048
Telephone: (323) 302-4774

*Attorneys for Plaintiff Jane Doe*

**PAUL PADDA LAW, PLLC**
**4560 South Decatur Boulevard, Suite 300**
**Las Vegas, Nevada 89103**
**Tele: (702) 366-1888 • Fax (702) 366-1940**

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE DOE, an individual,<br>Plaintiff,<br><br>vs.<br><br>GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive;<br><br>Defendants. | Case No. A-21-840435-C<br><br>Dept. No. 5<br><br>**AMENDED COMPLAINT (JURY TRIAL DEMANDED)** |

Plaintiff Jane Doe for her causes of action against Defendant Gregory E. Burns (also known as "Greg Travell") hereby complains and alleges as follows:

. . .

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## I.

## INTRODUCTION

1. This is a case involving a battery, negligence and negligent/intentional infliction of emotional distress. Specifically, Defendant Burns had sexual intercourse with Plaintiff on or about September 22, 2019 in his condominium property at Panorama Towers at a time when she was *incapable of consent*. Plaintiff has been damaged on account of Defendant Burns' actions.

## II.

## JURISDICTION

2. This Court has jurisdiction over this matter because the acts complained of herein, including the sexual battery, occurred in Clark County, Nevada.

3. Venue is proper in this Court because the events and/or omissions giving rise to the claims occurred in Clark County, Nevada.

## III.

## THE PARTIES

4. Plaintiff has been a resident of Clark County, Nevada for all time periods relevant to this Complaint.

5. Defendant Burns has been a resident of Clark County, Nevada for all time periods relevant to this Complaint. Upon information and belief, Defendant Burns transacts business in Nevada and maintains a residence in Las Vegas at the Panorama Towers (a luxury, high-rise condominium complex located at 4525 Dean Martin Drive, Las Vegas, Nevada).

6. Defendant Burns knows the name and identity of Plaintiff.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

7.      Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, apparent agents, ostensible agents, servants, employees, alter-egos, partners, co-owners, and/or joint ventures, co-conspirators, of each other and of their co-Defendants and by reason of such relationships, the Defendants, and each of them, are jointly and severally liable for the acts or omissions of their co-Defendants, as alleged herein.  The true names and capacities whether individual, corporate, associate or otherwise of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as Doe/Roe is/are legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as alleged herein.  Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

8.      Plaintiff reserves her right to amend this pleading at a future date to add, if appropriate and applicable, additional parties who may be liable for her injuries along with additional causes of action.

## IV.

## FACTUAL ALLEGATIONS

9.      Plaintiff  was born and raised in Nevada.  She was approximately 24-years old on the date of the incident (September 22, 2019).  At that time, she was still living with both her parents in Henderson, Nevada.  Plaintiff was also working part-time while taking a biology class anticipating post-graduate studies.  Currently, she is employed as a professional healthcare worker.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

10.     On the evening of September 21, 2019 Plaintiff met a group of young people, one of which was her friend in college (all of them ranging in age from approximately 23 to 28 years old), at Panorama Towers (Panorama) in Las Vegas at the residence of "T.J." T.J. (then approximately 23-24 years of age) was a male acquaintance of Plaintiff's friend.

11.     After initially meeting at Panorama, Plaintiff went with the group, which included T.J. to a "karaoke" bar.

12.     After karaoke, Plaintiff and the group then returned to Panorama at approximately midnight and/or the early morning hours of September 22, 2019.

13.     T.J. then invited Plaintiff and the group to Omnia Nightclub at Caesars Palace.

14.     Plaintiff's friend, J.H., and her boyfriend, declined the invitation to go to Omnia Nightclub and instead went home.

15.     Plaintiff, who had only been to a Las Vegas nightclub on one other occasion, believed she was not appropriately dressed to go to a Las Vegas nightclub such as Omnia as Plaintiff was wearing regular jeans, a wide-strap tank top T-shirt covering her chest and stomach and flat walking sandals.  Given her casual attire, Plaintiff asked T.J. if Plaintiff was dressed up enough to go to Omnia Nightclub.  T.J. told her she would have "no problem" getting in.

16.     On information and belief, T.J. knew Defendant Burns, a 50+ year old male, who like T.J., also lived at Panorama.  That night/early morning, Defendant Burns was already at the Omnia Nightclub, waiting for T.J. to arrive.

17.     Upon information and belief, Defendant Burns frequents Las Vegas nightclubs with T.J.

18.     Defendant Burns (in his fifties) told T.J. (approximately 23-years old) to meet him at Omnia Nightclub by excitedly texting him on September 22, 2019 at approximately 12:37 a.m. the following message:  *"The entourage of 21 year olds (sic) arrived," "Are you en route?," "Their (sic) hot !," "Table 322" "Hurray!" "I need some support" "Exhausting being only guy at a table!"*  T.J. responded to Defendant Burns that he and his group were walking into Caesars Palace where Omnia Nightclub was located.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

19.     Thereafter, Plaintiff, T.J., T.J.'s female companion and another male "A.A." (also approximately mid-20 years of age) made their way to Omnia Nightclub.

20.     When Plaintiff arrived at the Omnia Nightclub table where Defendant Burns was seated, Plaintiff observed Defendant Burns with several other young women whom all appeared to be in their early 20s.  There was only space at the table for one more person to be seated.

21.     Although both Plaintiff and A.A. (a male) were standing, Defendant Burns asked only Plaintiff to "sit down."  She sat down next to him.  He then asked her if she wanted an alcoholic drink.

22.     On information and belief, within about half an hour, T.J. and his female companion left Omnia Nightclub, leaving Plaintiff and A.A., alone with Defendant Burns.

23.     Defendant Burns mixed an alcoholic drink for Plaintiff.  When Plaintiff asked him if he was going to have a drink as well, he replied by stating "I don't drink."

24.     Defendant Burns told Plaintiff that he owned a "talent agency" and that he "flies back and forth from New York."

25.     At some point before Plaintiff left Omnia, A.A, left Plaintiff with Defendant Burns at the table for approximately thirty minutes or more.  When A.A. returned to the table, Defendant Burns and Plaintiff were no longer at the table.

26.     Plaintiff believes and thereon alleges that at approximately 1:50 a.m. on the morning of September 22, 2019, Defendant Burns took Plaintiff from Omnia Nightclub back to Defendant Burns' condominium at Panorama.

27.     After having drinks mixed by Defendant Burns, Plaintiff had no memory of leaving Omnia Nightclub with Defendant Burns.  Additionally, she has no memory of how Plaintiff got from Omnia Nightclub to Defendant Burns' condominium.

28.     At approximately 9:00 or 9:30 a.m., on September 22, 2019, Plaintiff woke up dazed, confused, face down in Defendant Burns condominium, in his bed, wearing only her bra and nothing else.  Plaintiff described feeling "really out of it," and recalled seeing a nightstand drawer with condoms coming out of it.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

29. Plaintiff had no memory or recollection of how she ended up near-naked in Defendant Burns' condominium and in his bed.

30. Plaintiff immediately collected her clothes and phone scattered in the living room of Defendant Burns' condominium and left the premises. For the remainder of most of the day, Plaintiff slept. Plaintiff felt a bodily sensation she had never previously experienced.

31. Plaintiff believes and thereon alleges that in the early morning hours of September 22, 2019, Defendant Burns engaged in sexual intercourse with Plaintiff in his condo. Defendant Burns does not dispute that he engaged in sexual intercourse with Plaintiff. At the time Defendant Burns had sexual intercourse with Plaintiff, she was passed-out, unconscious and/or otherwise incapable of consenting to sexual intercourse with him.

32. In those early morning hours of September 22, 2019, Plaintiff did not and would not have consented to sexual intercourse with Defendant had she been otherwise capable of consent.

33. Defendant knew or otherwise should have known that Plaintiff was incapable of consenting to sexual intercourse with Defendant but nonetheless took advantage of Plaintiff by taking Plaintiff from Omnia Nightclub back to his condominium and having sexual intercourse with Plaintiff. In fact, after meeting Plaintiff for the first time, Defendant Burns desired to have sex with her that same day. Given the text message he had sent T.J. prior to Plaintiff's arrival at the nightclub, Defendant Burns was already in a sexually giddy, aroused and excited mood at the entourage of "21-year-olds" noting that they were "hot."

34. Upon information and belief on the early evening of September 22, 2019, the same day that Plaintiff woke up nearly naked in Defendant Burns' bed, Defendant Burns and T.J. made plans to meet each other in the lobby of Panorama.

35. As it dawned on Plaintiff that she had been raped and taken advantage of by Defendant Burns in the early morning hours of September 22, 2019, Plaintiff later called the Rape Crisis Hotline, confided with her close friend and her sister about her sincere belief that she had been sexually assaulted. She also asked T.J. (who also lived at Panorama) if T.J. could

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

obtain video surveillance footage of the early morning hours of September 22, 2019. Despite her request, Plaintiff was not able to get this footage.

36. On September 25, 2019, Plaintiff presented to University Medical Center (UMC) Emergency Department for a "Jane Doe" Sexual Assault Nurse Examination (SANE). Plaintiff complained of sexual assault and described to the best of her recollection the events of September 21-22, 2019 to the examining nurse.

37. On September 27, 2019, Plaintiff filed a police report with Las Vegas Metropolitan Police Department (LVMPD) alleging a "Sexual Assault" by Defendant Burns.

38. On October 11, 2019, Plaintiff received a text from a number she did not recognize. Upon reading the message, it became apparent it was Defendant Burns reaching out to her. She immediately confronted him about what had occurred on September 22, 2019. Defendant Burns did not respond to Plaintiff.

39. In or about November 2019, Plaintiff sought counseling and treatment for mental and emotional distress as a result of the actions of Defendant Burns. She continues to seek professional counseling and treatment to date as a result thereof.

40. Since the incident of September 22, 2019, Defendant Burns has behaved in a threatening and hostile manner and has sought to intimidate Plaintiff and others.

## V.

## PLAINTIFF'S CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (BATTERY)

41. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs.

42. Defendant Burns made intentional, unlawful, unwanted, and harmful contacts, including but not limited to contact of a sexual nature with Plaintiff and without consent, at a time when she was otherwise incapable of consent: to wit: Defendant Burns took Plaintiff to his

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

condominium in the early morning hours of September 22, 2019, the manner and mode of which Plaintiff has no memory or recollection and Defendant Burns had sexual intercourse with Plaintiff while she was unconscious and/or otherwise incapable of consenting.

43. As a result of Defendant Burns intentional, unlawful, unwanted and harmful contacts, Plaintiff suffered physical, mental, and emotional damages in an amount in excess of $15,000.00, to be determined at time of trial.

44. Defendant Burns knew or otherwise should have known that Plaintiff was incapable of consenting to sexual intercourse with Defendant Burns on September 22, 2019.

45. That at all time mentioned herein Defendant Burns, acted with fraud, malice, and/or oppression toward Plaintiff, exhibited an intention and willingness to contact/touch Plaintiff's body and person when she was incapable of consent, with conscious disregard for Plaintiff's rights and safety, and should be punished by imposition of punitive or exemplary damages in an amount in excess of $15,000.00, to be proven at time of trial.

46. It has been necessary for Plaintiff to retain the services of an attorney to bring this action. Plaintiff is entitled to recover all attorneys' fees and costs herein.

**SECOND CAUSE OF ACTION**
**(NEGLIEGENCE)**

47. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs.

48. On or about September 22, 2019, Defendant Burns took Plaintiff inside his condominium property located at Panorama.

49. Upon information and belief, Defendant Burns is the owner of the condominium property where he took Plaintiff.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

50. By taking Plaintiff into his condominium property, Defendant Burns owed Plaintiff a duty of reasonable care. Specifically, to exercise that degree of care in that given situation which a reasonable man under similar circumstances would have exercised. Indeed, Plaintiff was an invitee who was on the premises of Defendant Burns' property with his express permission/invitation and, as such, was owed a heightened duty of care.

51. Defendant Burns breached his duty of care owed to Plaintiff by refusing, failing, and/or otherwise neglecting to exercise reasonable care with respect to Plaintiff. Specifically, Defendant Burns either knew or should have known that Plaintiff was intoxicated and/or otherwise unable to consent to physical touching. Because Defendant Burns either knew or should have known Plaintiff was intoxicated and/or otherwise unable to consent, he had a duty to refrain from any such nonconsensual touching.

52. Negligently failing to apprehend that Plaintiff was intoxicated and/or otherwise unable to consent to physical touching, Defendant Burns nevertheless breached the aforementioned duty by physically touching Plaintiff thereby causing Plaintiff both physical and emotional harm.

53. As a direct and proximate result of Defendant Burns' breach of duty of care owed to Plaintiff while she was in his condominium, Plaintiff suffered significant injuries in body and mind, incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage and detriment, in an amount in excess of $15,000.00, to be determined according to proof at time of trial.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

54. As a direct and proximate result of the aforesaid conduct of Defendant Burns as alleged herein, Plaintiff has suffered both physical and emotional harm including but not limited to: deep anxiety, sleeplessness, nausea, bodily discomfort and exhaustion.

55. Defendant Burns' conduct constitutes reckless and/or intentional, malicious, willful, and wanton acts, thereby entitling Plaintiff to punitive damages according to proof at time of trial.

56. It has been necessary for Plaintiff to retain the services of an attorney to bring this action. Plaintiff is entitled to recover all attorneys' fees and costs herein.

**THIRD CAUSE OF ACTION**
**(NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

57. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs.

58. Defendant Burns' conduct toward Plaintiff was extreme and outrageous with either the intention of, or in reckless disregard of causing Plaintiff severe emotional distress. Alternatively, Defendant Burns acted negligently when he knew or should have known Plaintiff was intoxicated and/or otherwise incapable of consenting to a touching. He breached his duty of care towards Plaintiff, an invitee on his property, when he engaged in a nonconsensual touching.

59. As a direct and proximate result of the aforesaid conduct of Defendant Burns alleged herein, Plaintiff has suffered extreme emotional distress which caused and will continue to cause the Plaintiff mental and nervous pain and suffering. Additionally, the emotional distress experienced by Plaintiff has physically manifested itself by causing Plaintiff to experience deep anxiety, sleeplessness, nausea, bodily discomfort, feelings of vulnerability and exhaustion.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

60. As a direct and proximate result of Defendant Burn's actions and conduct, Plaintiff suffered significant injury in body and mind, incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage and detriment, in an amount in excess of $15,000.00, to be determined according to proof at time of trial.

61. Defendant Burns' conduct constitutes reckless and/or intentional, malicious, willful, and wanton acts, thereby entitling Plaintiff to punitive damages according to proof at time of trial.

62. It has been necessary for Plaintiff to retain the services of an attorney to bring this action. Plaintiff is entitled to recover all attorneys' fees and costs herein.

## VI.

## DEMAND FOR JURY TRIAL

63. Plaintiff demands trial by jury on all triable issues arising out of this lawsuit.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## VII.

## RELIEF REQUESTED

64. Plaintiff requests the following relief:

a. General, special, compensatory damages, according to proof, to be determined at time of trial.

b. Punitive damages, according to proof, to be determined at time of trial;

c. Attorneys' fees and costs of suit;

d. All other legal and equitable relief allowed by federal and state law; and

e. Such other further relief as the Court may wish to entertain.

Respectfully submitted,

/s/ Paul S. Padda

Paul S. Padda, Esq.
PAUL PADDA LAW
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888

Attorney for Plaintiff

Dated: September 3, 2021

PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
*Attorneys for Plaintiff Jane Doe*

**PAUL PADDA LAW, PLLC**
**4560 South Decatur Boulevard, Suite 300**
**Las Vegas, Nevada 89103**
**Tele: (702) 366-1888 • Fax (702) 366-1940**

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE DOE, an individual,<br>Plaintiff,<br><br>vs.<br><br>GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive;<br><br>Defendants. | Case No. A-21-840435-C<br><br>Dept. No. 5<br><br>**CERTIFICATE OF SERVICE OF AMENDED COMPLAINT AND SUMMONS TO GREGORY E. BURNS** |

## CERTIFICATE OF MAILING OF SUMMONS AND COMPLAINT

I hereby certify that pursuant to and in compliance with the Court's Order dated January 24, 2022, on this day, January 26, 2022, I caused a true and correct copy of the foregoing **Summons and Amended Complaint** to be mailed, via pre-paid, first-class, U.S. Mail, upon the following last known address as follows:

..
..
..
..
..
..

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Notice of Entry of Order Granting Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-06
1

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

| | |
|---|---|
| Gregory E. Burns<br>4525 Dean Martin Drive, Unit 110<br>Las Vegas, Nevada 89103<br><br>Gregory E. Burns<br>c/o Lifestyle Properties II LLC<br>6671 Las Vegas Blvd S, Unit 210<br>Las Vegas, Nevada 89119. | Peter S. Christiansen, Esq.<br>710 South 7th Street<br>Las Vegas, Nevada 89101<br><br>Conrad O'Brien PC<br>Patricia M. Hamill<br>David I. Singh<br>1500 Market Street, Centre Square<br>West Tower, Suite 3900<br>Philadelphia, PA 19102-2100<br><br>ROSENBERG & BALL CO., LPA<br>Eric J. Rosenberg<br>Tracy L. Turner<br>205 South Prospect Street<br>Granville, OH 43023<br><br>*Attorneys for Gregory Burns* |

/s/ Shelbi Schram

Shelbi Schram, Litigation Assistant
PAUL PADDA LAW

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Notice of Entry of Order Granting Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-06
2

**NOT**
PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
*Attorneys for Plaintiff Jane Doe*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE DOE, an individual,<br>Plaintiff,<br><br>vs.<br><br>GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive;<br><br>Defendants. | Case No. A-21-840435-C<br><br>Dept. No. 5<br><br>**NOTICE OF ENTRY OF ODER**<br><br>**GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE DEFENDANT GREGORY E. BURNS, AND TO SERVE GREGORY E. BURNS VIA ALTERNATE SERVICE METHODS, INCLUDING, SERVICE BY MAIL AND/OR PUBLICATION** |

PLEASE TAKE NOTICE that the Order Regarding *Plaintiff's Motion to Enlarge Time To Serve Defendant Gregory E. Burns, And To Serve Gregory E. Burns Via Alternate Service Methods, Including, Service By Publication* was entered on January 24, 2022, a true and correct copy of which is attached hereto.

..

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Notice of Entry of Order Granting Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-06
1

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

Dated this 26th day of January 2022.

PAUL PADDA LAW, PLLC

/s/ Paul S. Padda

Paul S. Padda, Esq.
PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Ste. 300
Las Vegas, Nevada 89103
Telephone: (702) 366-1888
Email: psp@paulpaddalaw.com

*Counsel for Plaintiff Jane Doe*

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Notice of Entry of Order Granting Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-06
2

ELECTRONICALLY SERVED
1/24/2022 7:13 PM

Electronically Filed
01/24/2022 7:13 PM
CLERK OF THE COURT

ORD

PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
*Attorneys for Plaintiff Jane Doe*

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

# DISTRICT COURT

# CLARK COUNTY, NEVADA

JANE DOE, an individual,

Plaintiff,

vs.

GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive;

Defendants.

Case No. A-21-840435-C

Dept. No. 5

**ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE DEFENDANT GREGORY E. BURNS, AND TO SERVE GREGORY E. BURNS VIA ALTERNATE SERVICE METHODS, INCLUDING, SERVICE BY MAIL AND/OR PUBLICATION**

This matter came before the Court following the filing of *Plaintiff's Motion To Enlarge Time To Serve Defendant Gregory E. Burns, And To Serve Gregory E. Burns Via Alternate Service Methods, Including, Service By Publication* on December 29, 2021. The Court having reviewed Plaintiff's motion and finding good cause for it to be granted, hereby renders the following findings and conclusions in support of this decision:

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-04
1

Case Number: A-21-840435-C

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## I.

## FINDINGS OF UNDISPUTED FACT

1. Plaintiff, proceeding as "Jane Doe" due to the sensitive nature of the allegations in this lawsuit, filed her Complaint against Gregory E. Burns on September 1, 2021.

2. On September 3, 2021, Jane Doe filed an Amended Complaint with the Court.

3. According to Plaintiff, Defendant Gregory E. Burns is a resident of Las Vegas, Nevada with a residential address at "Panorama Towers," located at 4525 Dean Martin Drive, Unit 1106, Las Vegas, Nevada 89103. In support of this, Plaintiff provided as Exhibit 4 to her motion two separate "Affidavit Of Due Diligence" from Shanna Garcia and Tyler Trewet, Nevada licensed process servers.

4. Plaintiff also provided in support of her motion a Declaration from her counsel, Paul S. Padda, Esq., which relates the following information:

A) Prior to filing this lawsuit, the parties, including Defendant Burns, and his Las Vegas legal counsel, Pete Christiansen, Esq., Plaintiff, and her counsels participated in voluntary mediation with former federal judge (Hon. Peggy Leen) who now serves as a neutral with the Las Vegas Office of Judicial Arbitration and Mediation Services, Inc. ("JAMS").

B) The mediation in Las Vegas was unsuccessful. Mr. Burns, who characterized himself in a lawsuit he filed against Plaintiff in Pennsylvania as a wealthy "successful businessman," abruptly terminated the proceeding by walking out on the mediator, his Nevada lawyer, Mr. Christiansen, and other participants, including Plaintiff's counsel.

C) Following the mediation, Plaintiff's counsel filed her Complaint and Amended Complaint.

D) After filing the Amended Complaint, a copy of the Amended Complaint was provided to Mr. Burns' Las Vegas attorney, Mr. Christiansen. Plaintiff's counsel, Paul Padda, Esq., asked Mr. Christiansen if he would accept service of Summons and Amended Complaint on behalf of his client in the above case. Mr. Christiansen responded to Mr. Padda that he had not been

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-04
2

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

authorized by Mr. Burns to accept service of Summons and Complaint/Amended Complaint in this case.  Thereafter, Plaintiff's counsel hired a professional process server to effectuate personal service on Defendant Burns at his residential address at Panorama Towers, 4525 Dean Martin Drive, Unit 1106, Las Vegas, Nevada 89103.

E) Plaintiff's counsel did not immediately cause the Amended Complaint and Summons to be personally served on Mr. Burns based on discussions with Mr. Christensen.

F) On or about September 9, 2021, Defendant Burns, a Nevada resident, retained lawyers in Pennsylvania and filed a retaliatory lawsuit against Plaintiff in Court of Common Pleas of Montgomery County, Pennsylvania, styled: *Gregory Burns v. K***** F*******, Civil Action No. 2021-18123 (hereinafter "Pennsylvania Case") alleging defamation and false light arising out of the same operative facts, stemming from an encounter at a Las Vegas nightclub, alleged to have occurred in the above captioned case previously and first filed in Nevada.

G) As a result of the Pennsylvania Case, Defendant Burns revealed the true identity of Plaintiff "Jane Doe" in this case as the Defendant in his Pennsylvania Case.

H) As a result of the Pennsylvania Case, Plaintiff retained legal counsel in Pennsylvania to defend herself against Mr. Burns' claims.  Plaintiff's retained Pennsylvania counsel reached out in writing to Defendant Burns' Pennsylvania counsels to inquire as to whether they would accept service of the Summons and Amended Complaint in the Nevada case on behalf of Mr. Burns, but to date, Defendant Burns' counsels have not responded as to whether they would do so.

I) On each attempt at personal service by Plaintiff's hired process server, said process server was personally escorted by a security guard for Panorama Towers residences and was unable to effectuate service at Mr. Burns' apartment unit for lack of answer or response on the following dates and times:

   1) On October 16, 2021 at 6:25 p.m.
   2) On October 17, 2021 at 2:30 p.m.
   3) On October 18, 2021 at 11: 35 a.m.
   4) On October 29, 2021, at 4:16 p.m.

5. According to Plaintiff's motion, Plaintiff's counsel's staff also conducted a search for

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

any business entities in which "Gregory Burns" would be an officer, manager, or member with the Nevada Secretary of State website and such a search did not disclose any other current businesses addresses for "Gregory Burns" other than the same residential address at 4525 Dean Martin Drive, Unity 1106, Las Vegas, Nevada 89103. *Plaintiff's Motion*, p. 6 (*citing* Exhibit 5).

6. However, according to Plaintiff, the above search did reveal that Defendant Burns is apparently, a Manager of a Nevada entity by the name of "Lifestyle Properties II LLC" with an address for Defendant Burns at 6671 Las Vegas Blvd S, Unit 210, Las Vegas, Nevada 89119. *Plaintiff's Motion*, p. 6 (*citing* Exhibit 6). Plaintiff's motion, which attaches as Exhibit 6 a copy of "Special Instructions" to process server Tyler Trewet, attempted to Mr. Burns with process at that business location without success.

## II.

## CONCLUSIONS OF LAW

1. At the outset, the Court finds that Plaintiff timely filed her motion seeking additional time to effect service of process prior to the expiration of the 120-day period set forth under Nevada Rule of Civil Procedure ("NRCP") 4.

2. A plaintiff establishes "good cause" to extend the time for service of process of a summons and complaint pursuant to a number of factors identified in *Scrimer v. District Court*, 116 Nev. 507, 998 P.2d 1190 (2000). Among the factors a court may consider are the following: (1) difficulties in locating the defendant; (2) the defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed; (3) the plaintiff's diligence in attempting to serve the defendant; (4) difficulties encountered by counsel; (5) the running of the applicable statute of limitations; (6) the parties' good faith attempts to settle the litigation during the 120-day period; (7) the lapse of time between the end

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-04
4

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

of the 120-day period and the actual service of process on the defendant; (8)the prejudice to the defendant caused by the plaintiff's delay in serving process; (9) the defendant's knowledge of the existence of the lawsuit; and (10) any extensions of time for service granted by the district court. *Id.*

3. In this case, the Court further finds that Plaintiff has demonstrated good cause for exercise of this Court's discretion to grant an extension of the service period for a reasonable date commencing 90-days from the date of entry of this Order pursuant to NRCP 4(e)(3). The Court reaches this finding and conclusion having reviewed Plaintiff's motion, the Declaration of her counsel and the various Exhibits attached to her motion.

**A. Difficulties Locating Defendant.** Plaintiff satisfies this factor. She attaches as Exhibit 2 to her motion a copy of a Complaint filed by Mr. Burns in Pennsylvania in which he avers he is "an adult individual residing at 4525 Dean Martin Drive, Unit 1106, Las Vegas, Nevada 89103." Plaintiff also attaches to her motion as Exhibit 4 two affidavits from Nevada process servers documenting multiple attempts to serve Mr. Burns at 4525 Dean Martin Drive, Unit 1106 – the very address he references in his Pennsylvania lawsuit as his residence. Each time the process servers attempted to effect personal service at his residence, Mr. Burns did not answer or respond.

Additionally, according to the Declaration of Paul S. Padda, Plaintiff's counsel, Mr. Burns has not authorized his Las Vegas attorney Peter Christiansen, Esq. to accept service on his behalf, despite having participated in a mediation with Plaintiff before a former federal judge and being aware of the possibility of this lawsuit. To this end, the Court will also take judicial notice pursuant to Nevada Revised Statute 47.130 that Mr. Burns initiated legal action in this Court in a separate matter assigned case number A-21-843688-C seeking to assist his

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-04
5

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

Pennsylvania case while allegedly instructing his Las Vegas lawyer, Peter Christiansen, Esq., to not accept service. The attorneys representing Mr. Burns in the Pennsylvania case and Clark County District Court matter A-21-843688-C are the same.

**B. <u>Defendant's Efforts at Evading Service or Concealment.</u>** Plaintiff satisfies this factor. While it is unclear whether Mr. Burns has directly evaded service or concealment, he has not been available to be served despite several attempts by process servers to serve him. Additionally, the Court does find it very odd that Mr. Burns is unavailable to be served while instructing his Pennsylvania attorneys to pursue a legal action for him in this very Court. This fact, coupled with the Declaration of Paul S. Padda, Esq. and his representations regarding what he was told by Mr. Christiansen – both of whom are officers of the court, lead the Court to find that Mr. Burns is doing everything within his ability to make service of process upon him difficult if not impossible. This is tantamount to evasion.

**C. <u>Plaintiff's Diligence in Attempting Service.</u>** Plaintiff satisfies this factor. The Court finds, relying in part upon the Declaration of Paul S. Padda, Esq., that Plaintiff diligently attempted personal service on Defendant Burns by first asking Defendant Burns' Las Vegas attorney, Mr. Christiansen, (who represented Defendant Burns in pre-litigation mediation of this case in Las Vegas, Nevada) if he would accept service upon Defendant's behalf. According to Mr. Padda's Declaration, he provided Mr. Christiansen with a courtesy copy of the Amended Complaint filed in this case. Mr. Christiansen, according to Mr. Padda, informed him he was not authorized to accept service of the Summons and Amended Complaint on Defendant Burns' behalf. Plaintiff's counsel then hired professional process servers who attempted personal service at Defendant Burns' Las Vegas residence. Plaintiff has submitted to the Court as Exhibit 4 to her motion copies of two affidavits from Nevada process servers

<u>Jane Doe v. Gregory E. Burns.</u>
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-04
6

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

clearly documenting several attempts to serve Mr. Burns. The Court, therefore, finds that Plaintiff has been diligent in her attempts to serve Defendant Burns.

**D. Difficulties Of Counsel**. Plaintiff satisfies this factor. While Plaintiff does not claim that Mr. Christiansen himself has been "difficult," she does represent, through the Declaration of her counsel, that Mr. Christiansen has stated his client, Defendant Burns, has instructed him to not cooperate with accepting service. Thus, while pursuing legal action before this very Court in case number A-21-843688-C, Mr. Burns has apparently instructed his Las Vegas counsel to refuse cooperation that would otherwise minimize the time and expense Plaintiff has experienced in simply serving him with process.

**E. Running Of Statute of Limitation.** This is not an issue and, therefore, this factor weighs in favor of Plaintiff, or at least does not militate against the relief she seeks.

**F. Parties Good Faith Attempt to Settle Lawsuit within 120-Day Period**.

This factor weighs in favor of Plaintiff. Prior to filing this lawsuit, Plaintiff tried to mediate her claims before a retired federal Judge. While Plaintiff has not alleged a delay in service because of her attempts to mediate, the Court finds that mediation is always a laudable goal and that this factor does not militate against according to Plaintiff the relief she seeks.

**G. Lapse of Time.** This factor weighs in favor of Plaintiff. She timely filed her motion for extension prior to the expiration of the 120-day period required under NRCP 4.

**H. No Prejudice to Defendant Caused By Delay in Service of Process.**

Plaintiff easily satisfies this factor. The Court finds that Mr. Burns will not be prejudiced by this Court granting Plaintiff's motion. He has demonstrated through a separate proceeding pending before this very Court that he is no stranger to the legal process and that he has counsel

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-04
7

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

pursuing claims on his behalf against Plaintiff in another forum while at the same time making himself unavailable to be served in this case (*see* Declaration of Paul S. Padda, Esq.).

**I. Defendant's Knowledge Of Existence of Lawsuit.** This factor weighs in favor of Plaintiff. According to Plaintiff's counsel's Declaration, a copy of the Amended Complaint was forwarded to Mr. Christiansen who advised that he could not accept service upon behalf of Mr. Burns. It is doubtful that Mr. Christiansen, a well-respected attorney, would make such an alleged representation unless he was specifically advised and directed by his client to not accept service. Given the totality of facts set forth in Plaintiff's motion, the Court finds it is doubtful that Mr. Burns would be unaware of this litigation.

4. The Court finds Plaintiff has met the standards set forth under NRCP 4.4 for alternate service by publication. Under NRCP 4.4(c), with an order granting service by publication, a plaintiff shall "(A) make reasonable efforts to provide additional notice under Rule 4.4.(d); and (B) mail a copy of the summons and complaint, as well as any order of the court authorizing the alternate service method, to the defendant's last—known address." NRCP Rule 4.4(b)(3)(A)-(B).

5. The Court concludes that Plaintiff's request for an Order to allow service of process on Defendant Gregory E. Burns by publication with the Nevada Legal News should be granted. The Court further finds that publication shall occur at least once a week for a period of four (4) weeks. The Court approves the proposed language contained in Exhibit 7 to Plaintiff's motion which shall be utilized to publish notice to Defendant Burns.

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-04
8

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## III.

## ORDER

Wherefore, in light of the foregoing, the Court hereby Orders the following:

1. The Court hereby grants Plaintiff's Motion to Enlarge Time to Serve Defendant and to Serve Defendant Via Alternate Service Methods, Including, Service by Publication. Pursuant to EDCR 2.23, the hearing previously set on this matter for February 22, 2022 is advanced and vacated.
2. The Court further ordered that Plaintiff's aforementioned Motion, filed on December 29, 2021, shall be sealed based on possible listing of Plaintiff's actual identity.
3. The Court orders that Plaintiff shall have an additional 90-days from date of entry of this Order granting Plaintiff's motion to enlarge time and to serve Defendant Burns via publication.

**Dated this 24th day of January, 2022**

V Barisich

DISTRICT COURT JUDGE

**1DA A15 35C7 2E9C**
**Veronica M. Barisich**
**District Court Judge**

DATED: ____________________

Submitted By:
/s/ Paul S. Padda

______________________
Paul S. Padda, Esq.
PAUL PADDA LAW
*Counsel for Plaintiff Jane Doe*

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## CERTIFICATE OF MAILING

I hereby certify that on this day, January 21, 2022, I caused a true and correct copy of the foregoing **ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE DEFENDANT GREGORY E. BURNS, AND TO SERVE GREGORY E. BURNS VIA ALTERNATE SERVICE METHODS, INCLUDING, SERVICE BY MAIL AND/OR PUBLICATION** to be mailed, via pre-paid, first-class, U.S. Mail, upon the following last known address as follows:

Gregory E. Burns
4525 Dean Martin Drive, Unit 110
Las Vegas, Nevada 89103

Gregory E. Burns
c/o Lifestyle Properties II LLC
6671 Las Vegas Blvd S, Unit 210
Las Vegas, Nevada 89119.

/s/ Shelbi Schram

Shelbi Schram, Litigation Assistant
PAUL PADDA LAW

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
Plaintiff's Motion to Enlarge Time to Serve Defendant Gregory E. Burns and to Serve Defendant Burns Via Alternate Service Methods, including, Service by Publication
PPL #201885-15-04
10

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| Jane Doe, Plaintiff(s) vs. Gregory Burns, Defendant(s) | CASE NO: A-21-840435-C DEPT. NO. Department 5 |
|---|---|

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 1/24/2022

| | |
|---|---|
| Paul Padda | psp@paulpaddalaw.com |
| Civil Filings | civil@paulpaddalaw.com |
| Lani Esteban | lani@paulpaddalaw.com |
| Shelbi Schram | shelbi@paulpaddalaw.com |

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**CERTIFICATE OF MAILING**

I hereby certify that on this day, January 26, 2022, I caused a true and correct copy of the foregoing **NOTICE OF ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE DEFENDANT GREGORY E. BURNS, AND TO SERVE GREGORY E. BURNS VIA ALTERNATE SERVICE METHODS, INCLUDING, SERVICE BY MAIL AND/OR PUBLICATION** to be mailed, via pre-paid, first-class, U.S. Mail, upon the following last known address as follows:

| | |
|---|---|
| Gregory E. Burns<br>4525 Dean Martin Drive, Unit 110<br>Las Vegas, Nevada 89103<br><br>Gregory E. Burns<br>c/o Lifestyle Properties II LLC<br>6671 Las Vegas Blvd S, Unit 210<br>Las Vegas, Nevada 89119. | Peter S. Christiansen, Esq.<br>710 South 7th Street<br>Las Vegas, Nevada 89101<br><br>Conrad O'Brien PC<br>Patricia M. Hamill<br>David I. Singh<br>1500 Market Street, Centre Square<br>West Tower, Suite 3900<br>Philadelphia, PA 19102-2100<br><br>ROSENBERG & BALL CO., LPA<br>Eric J. Rosenberg<br>Tracy L. Turner<br>205 South Prospect Street<br>Granville, OH 43023<br><br>*Attorneys for Gregory Burns* |

/s/ Shelbi Schram

Shelbi Schram, Litigation Assistant
PAUL PADDA LAW

Electronically Issued
10/14/2021 1:01 PM

SUMM

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

JANE DOE, an individual,

Plaintiff,

vs.

GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive;

Defendants.

CASE NO. A-21-840435-C
DEPT. NO. 5

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**GREGORY E. BURNS a/k/a GREG TRAVELL**
**(at most current address)**

**TO THE DEFENDANT(S):** A civil complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Amended Complaint. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following: (a) file with the Clerk of this Court, whose address is shown below, a formal written response to the Amended Complaint in accordance with the rules of the Court, with the appropriate filing fee; and (b) Serve a copy of your response upon the attorney whose name and address is shown below. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Amended Complaint, which could result in the taking of money or property or other relief requested in the Amended Complaint. If you intend to see the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislatures each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Amended Complaint.

Submitted by:

**PAUL PADDA LAW, PLLC**

By: /s/ Paul S. Padda
PAUL S. PADDA, ESQ.
Nevada Bar No. 10417
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Telephone (702) 366-1888

STEVEN D. GRIERSON

**CLERK OF COURT**

By: [signature] 10/15/2021
Deputy Clerk DATE
Regional Justice Center Mary Anderson
200 Lewis Avenue
Las Vegas, Nevada 89155

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

Electronically Filed
9/3/2021 11:56 AM
Steven D. Grierson
CLERK OF THE COURT

**ACOMP**
PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
**-and-**
NATHAN GOLDBERG, ESQ. (CA Bar #61292)
Email: ngoldberg@amglaw.com
**ALLRED, MAROKO & GOLDBERG**
6300 Wilshire Blvd., Suite 1500
Los Angeles, CA 90048
Telephone: (323) 302-4774

*Attorneys for Plaintiff Jane Doe*

**PAUL PADDA LAW, PLLC**
**4560 South Decatur Boulevard, Suite 300**
**Las Vegas, Nevada 89103**
**Tele: (702) 366-1888 • Fax (702) 366-1940**

# DISTRICT COURT

# CLARK COUNTY, NEVADA

JANE DOE, an individual,

Plaintiff,

vs.

GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive;

Defendants.

Case No. A-21-840435-C

Dept. No. 5

**AMENDED COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff Jane Doe for her causes of action against Defendant Gregory E. Burns (also known as "Greg Travell") hereby complains and alleges as follows:

. . .

. . .

. . .

Jane Doe v. Gregory E. Burns.
Eighth Judicial District Court, Case No. A-21-840435-C (Dept. 5)
*Amended Complaint*
PPL #201885-10-01
1

Case Number: A-21-840435-C

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

# I.

# INTRODUCTION

1.   This is a case involving a battery, negligence and negligent/intentional infliction of emotional distress.  Specifically, Defendant Burns had sexual intercourse with Plaintiff on or about September 22, 2019 in his condominium property at Panorama Towers at a time when she was *incapable of consent*.  Plaintiff has been damaged on account of Defendant Burns' actions.

# II.

# JURISDICTION

2.   This Court has jurisdiction over this matter because the acts complained of herein, including the sexual battery, occurred in Clark County, Nevada.

3.   Venue is proper in this Court because the events and/or omissions giving rise to the claims occurred in Clark County, Nevada.

# III.

# THE PARTIES

4.      Plaintiff has been a resident of Clark County, Nevada for all time periods relevant to this Complaint.

5.      Defendant Burns has been a resident of Clark County, Nevada for all time periods relevant to this Complaint.  Upon information and belief, Defendant Burns transacts business in Nevada and maintains a residence in Las Vegas at the Panorama Towers (a luxury, high-rise condominium complex located at 4525 Dean Martin Drive, Las Vegas, Nevada).

6.      Defendant Burns knows the name and identity of Plaintiff.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

7. Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, apparent agents, ostensible agents, servants, employees, alter-egos, partners, co-owners, and/or joint ventures, co-conspirators, of each other and of their co-Defendants and by reason of such relationships, the Defendants, and each of them, are jointly and severally liable for the acts or omissions of their co-Defendants, as alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as Doe/Roe is/are legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

8. Plaintiff reserves her right to amend this pleading at a future date to add, if appropriate and applicable, additional parties who may be liable for her injuries along with additional causes of action.

## IV.

## FACTUAL ALLEGATIONS

9. Plaintiff was born and raised in Nevada. She was approximately 24-years old on the date of the incident (September 22, 2019). At that time, she was still living with both her parents in Henderson, Nevada. Plaintiff was also working part-time while taking a biology class anticipating post-graduate studies. Currently, she is employed as a professional healthcare worker.

10. On the evening of September 21, 2019 Plaintiff met a group of young people, one of which was her friend in college (all of them ranging in age from approximately 23 to 28 years old), at Panorama Towers (Panorama) in Las Vegas at the residence of "T.J." T.J. (then approximately 23-24 years of age) was a male acquaintance of Plaintiff's friend.

11. After initially meeting at Panorama, Plaintiff went with the group, which included T.J. to a "karaoke" bar.

12. After karaoke, Plaintiff and the group then returned to Panorama at approximately midnight and/or the early morning hours of September 22, 2019.

13. T.J. then invited Plaintiff and the group to Omnia Nightclub at Caesars Palace.

14. Plaintiff's friend, J.H., and her boyfriend, declined the invitation to go to Omnia Nightclub and instead went home.

15. Plaintiff, who had only been to a Las Vegas nightclub on one other occasion, believed she was not appropriately dressed to go to a Las Vegas nightclub such as Omnia as Plaintiff was wearing regular jeans, a wide-strap tank top T-shirt covering her chest and stomach and flat walking sandals. Given her casual attire, Plaintiff asked T.J. if Plaintiff was dressed up enough to go to Omnia Nightclub. T.J. told her she would have "no problem" getting in.

16. On information and belief, T.J. knew Defendant Burns, a 50+ year old male, who like T.J., also lived at Panorama. That night/early morning, Defendant Burns was already at the Omnia Nightclub, waiting for T.J. to arrive.

17. Upon information and belief, Defendant Burns frequents Las Vegas nightclubs with T.J.

18. Defendant Burns (in his fifties) told T.J. (approximately 23-years old) to meet him at Omnia Nightclub by excitedly texting him on September 22, 2019 at approximately 12:37 a.m. the following message: *"The entourage of 21 year olds (sic) arrived," "Are you en route?," "Their (sic) hot !," "Table 322" "Hurray!" "I need some support" "Exhausting being only guy at a table!"* T.J. responded to Defendant Burns that he and his group were walking into Caesars Palace where Omnia Nightclub was located.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

19.     Thereafter, Plaintiff, T.J., T.J.'s female companion and another male "A.A." (also approximately mid-20 years of age) made their way to Omnia Nightclub.

20.     When Plaintiff arrived at the Omnia Nightclub table where Defendant Burns was seated, Plaintiff observed Defendant Burns with several other young women whom all appeared to be in their early 20s.  There was only space at the table for one more person to be seated.

21.     Although both Plaintiff and A.A. (a male) were standing, Defendant Burns asked only Plaintiff to "sit down."  She sat down next to him.  He then asked her if she wanted an alcoholic drink.

22.     On information and belief, within about half an hour, T.J. and his female companion left Omnia Nightclub, leaving Plaintiff and A.A., alone with Defendant Burns.

23.     Defendant Burns mixed an alcoholic drink for Plaintiff.  When Plaintiff asked him if he was going to have a drink as well, he replied by stating "I don't drink."

24.     Defendant Burns told Plaintiff that he owned a "talent agency" and that he "flies back and forth from New York."

25.     At some point before Plaintiff left Omnia, A.A, left Plaintiff with Defendant Burns at the table for approximately thirty minutes or more.  When A.A. returned to the table, Defendant Burns and Plaintiff were no longer at the table.

26.     Plaintiff believes and thereon alleges that at approximately 1:50 a.m. on the morning of September 22, 2019, Defendant Burns took Plaintiff from Omnia Nightclub back to Defendant Burns' condominium at Panorama.

27.     After having drinks mixed by Defendant Burns, Plaintiff had no memory of leaving Omnia Nightclub with Defendant Burns.  Additionally, she has no memory of how Plaintiff got from Omnia Nightclub to Defendant Burns' condominium.

28.     At approximately 9:00 or 9:30 a.m., on September 22, 2019, Plaintiff woke up dazed, confused, face down in Defendant Burns condominium, in his bed, wearing only her bra and nothing else.  Plaintiff described feeling "really out of it," and recalled seeing a nightstand drawer with condoms coming out of it.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

29. Plaintiff had no memory or recollection of how she ended up near-naked in Defendant Burns' condominium and in his bed.

30. Plaintiff immediately collected her clothes and phone scattered in the living room of Defendant Burns' condominium and left the premises. For the remainder of most of the day, Plaintiff slept. Plaintiff felt a bodily sensation she had never previously experienced.

31. Plaintiff believes and thereon alleges that in the early morning hours of September 22, 2019, Defendant Burns engaged in sexual intercourse with Plaintiff in his condo. Defendant Burns does not dispute that he engaged in sexual intercourse with Plaintiff. At the time Defendant Burns had sexual intercourse with Plaintiff, she was passed-out, unconscious and/or otherwise incapable of consenting to sexual intercourse with him.

32. In those early morning hours of September 22, 2019, Plaintiff did not and would not have consented to sexual intercourse with Defendant had she been otherwise capable of consent.

33. Defendant knew or otherwise should have known that Plaintiff was incapable of consenting to sexual intercourse with Defendant but nonetheless took advantage of Plaintiff by taking Plaintiff from Omnia Nightclub back to his condominium and having sexual intercourse with Plaintiff. In fact, after meeting Plaintiff for the first time, Defendant Burns desired to have sex with her that same day. Given the text message he had sent T.J. prior to Plaintiff's arrival at the nightclub, Defendant Burns was already in a sexually giddy, aroused and excited mood at the entourage of "21-year-olds" noting that they were "hot."

34. Upon information and belief on the early evening of September 22, 2019, the same day that Plaintiff woke up nearly naked in Defendant Burns' bed, Defendant Burns and T.J. made plans to meet each other in the lobby of Panorama.

35. As it dawned on Plaintiff that she had been raped and taken advantage of by Defendant Burns in the early morning hours of September 22, 2019, Plaintiff later called the Rape Crisis Hotline, confided with her close friend and her sister about her sincere belief that she had been sexually assaulted. She also asked T.J. (who also lived at Panorama) if T.J. could

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

obtain video surveillance footage of the early morning hours of September 22, 2019. Despite her request, Plaintiff was not able to get this footage.

36. On September 25, 2019, Plaintiff presented to University Medical Center (UMC) Emergency Department for a "Jane Doe" Sexual Assault Nurse Examination (SANE). Plaintiff complained of sexual assault and described to the best of her recollection the events of September 21-22, 2019 to the examining nurse.

37. On September 27, 2019, Plaintiff filed a police report with Las Vegas Metropolitan Police Department (LVMPD) alleging a "Sexual Assault" by Defendant Burns.

38. On October 11, 2019, Plaintiff received a text from a number she did not recognize. Upon reading the message, it became apparent it was Defendant Burns reaching out to her. She immediately confronted him about what had occurred on September 22, 2019. Defendant Burns did not respond to Plaintiff.

39. In or about November 2019, Plaintiff sought counseling and treatment for mental and emotional distress as a result of the actions of Defendant Burns. She continues to seek professional counseling and treatment to date as a result thereof.

40. Since the incident of September 22, 2019, Defendant Burns has behaved in a threatening and hostile manner and has sought to intimidate Plaintiff and others.

**V.**

## PLAINTIFF'S CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (BATTERY)

41. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs.

42. Defendant Burns made intentional, unlawful, unwanted, and harmful contacts, including but not limited to contact of a sexual nature with Plaintiff and without consent, at a time when she was otherwise incapable of consent: to wit: Defendant Burns took Plaintiff to his

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

condominium in the early morning hours of September 22, 2019, the manner and mode of which Plaintiff has no memory or recollection and Defendant Burns had sexual intercourse with Plaintiff while she was unconscious and/or otherwise incapable of consenting.

43. As a result of Defendant Burns intentional, unlawful, unwanted and harmful contacts, Plaintiff suffered physical, mental, and emotional damages in an amount in excess of $15,000.00, to be determined at time of trial.

44. Defendant Burns knew or otherwise should have known that Plaintiff was incapable of consenting to sexual intercourse with Defendant Burns on September 22, 2019.

45. That at all time mentioned herein Defendant Burns, acted with fraud, malice, and/or oppression toward Plaintiff, exhibited an intention and willingness to contact/touch Plaintiff's body and person when she was incapable of consent, with conscious disregard for Plaintiff's rights and safety, and should be punished by imposition of punitive or exemplary damages in an amount in excess of $15,000.00, to be proven at time of trial.

46. It has been necessary for Plaintiff to retain the services of an attorney to bring this action. Plaintiff is entitled to recover all attorneys' fees and costs herein.

**SECOND CAUSE OF ACTION**
**(NEGLIEGENCE)**

47. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs.

48. On or about September 22, 2019, Defendant Burns took Plaintiff inside his condominium property located at Panorama.

49. Upon information and belief, Defendant Burns is the owner of the condominium property where he took Plaintiff.

50. By taking Plaintiff into his condominium property, Defendant Burns owed Plaintiff a duty of reasonable care. Specifically, to exercise that degree of care in that given situation which a reasonable man under similar circumstances would have exercised. Indeed, Plaintiff was an invitee who was on the premises of Defendant Burns' property with his express permission/invitation and, as such, was owed a heightened duty of care.

51. Defendant Burns breached his duty of care owed to Plaintiff by refusing, failing, and/or otherwise neglecting to exercise reasonable care with respect to Plaintiff. Specifically, Defendant Burns either knew or should have known that Plaintiff was intoxicated and/or otherwise unable to consent to physical touching. Because Defendant Burns either knew or should have known Plaintiff was intoxicated and/or otherwise unable to consent, he had a duty to refrain from any such nonconsensual touching.

52. Negligently failing to apprehend that Plaintiff was intoxicated and/or otherwise unable to consent to physical touching, Defendant Burns nevertheless breached the aforementioned duty by physically touching Plaintiff thereby causing Plaintiff both physical and emotional harm.

53. As a direct and proximate result of Defendant Burns' breach of duty of care owed to Plaintiff while she was in his condominium, Plaintiff suffered significant injuries in body and mind, incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage and detriment, in an amount in excess of $15,000.00, to be determined according to proof at time of trial.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

54. As a direct and proximate result of the aforesaid conduct of Defendant Burns as alleged herein, Plaintiff has suffered both physical and emotional harm including but not limited to: deep anxiety, sleeplessness, nausea, bodily discomfort and exhaustion.

55. Defendant Burns' conduct constitutes reckless and/or intentional, malicious, willful, and wanton acts, thereby entitling Plaintiff to punitive damages according to proof at time of trial.

56. It has been necessary for Plaintiff to retain the services of an attorney to bring this action. Plaintiff is entitled to recover all attorneys' fees and costs herein.

## THIRD CAUSE OF ACTION
## (NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

57. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs.

58. Defendant Burns' conduct toward Plaintiff was extreme and outrageous with either the intention of, or in reckless disregard of causing Plaintiff severe emotional distress. Alternatively, Defendant Burns acted negligently when he knew or should have known Plaintiff was intoxicated and/or otherwise incapable of consenting to a touching. He breached his duty of care towards Plaintiff, an invitee on his property, when he engaged in a nonconsensual touching.

59. As a direct and proximate result of the aforesaid conduct of Defendant Burns alleged herein, Plaintiff has suffered extreme emotional distress which caused and will continue to cause the Plaintiff mental and nervous pain and suffering. Additionally, the emotional distress experienced by Plaintiff has physically manifested itself by causing Plaintiff to experience deep anxiety, sleeplessness, nausea, bodily discomfort, feelings of vulnerability and exhaustion.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

60. As a direct and proximate result of Defendant Burn's actions and conduct, Plaintiff suffered significant injury in body and mind, incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, and loss of enjoyment of life, all to Plaintiff's damage and detriment, in an amount in excess of $15,000.00, to be determined according to proof at time of trial.

61. Defendant Burns' conduct constitutes reckless and/or intentional, malicious, willful, and wanton acts, thereby entitling Plaintiff to punitive damages according to proof at time of trial.

62. It has been necessary for Plaintiff to retain the services of an attorney to bring this action. Plaintiff is entitled to recover all attorneys' fees and costs herein.

## VI.

## DEMAND FOR JURY TRIAL

63. Plaintiff demands trial by jury on all triable issues arising out of this lawsuit.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## VII.

## RELIEF REQUESTED

64. Plaintiff requests the following relief:

a. General, special, compensatory damages, according to proof, to be determined at time of trial.

b. Punitive damages, according to proof, to be determined at time of trial;

c. Attorneys' fees and costs of suit;

d. All other legal and equitable relief allowed by federal and state law; and

e. Such other further relief as the Court may wish to entertain.

Respectfully submitted,

/s/ Paul S. Padda

Paul S. Padda, Esq.
PAUL PADDA LAW
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888

Attorney for Plaintiff

Dated: September 3, 2021

Electronically Filed
2/28/2022 12:21 PM
Steven D. Grierson
CLERK OF THE COURT

**ANOS**
PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
*Attorneys for Plaintiff Jane Doe*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE DOE, an individual,<br>Plaintiff,<br><br>vs.<br><br>GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive;<br>Defendants. | Case No. A-21-840435-C<br><br>Dept. No. 5<br><br>***AMENDED* NOTICE OF SERVICE OF AFFIDAVIT OF PUBLICATION OF SUMMONS AND AMENDED COMPLAINT** |

PLEASE TAKE NOTICE that that attached Affidavit of Publication of Summons and Amended Complaint was filed in the above-captioned case on February 23, 2022, attached hereto and incorporated herein by this reference.

Dated this 28th day of February 2022.

PAUL PADDA LAW, PLLC

/s/ Paul S. Padda

Paul S. Padda, Esq.
4560 South Decatur Blvd., Ste. 300
Las Vegas, Nevada 89103
Email: psp@paulpaddalaw.com
*Counsel for Plaintiff Jane Doe*

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

AFFP

A-21-840435-C

Electronically Filed
2/23/2022 2:44 PM
Steven D. Grierson
CLERK OF THE COURT

# Affidavit of Publication

STATE OF NEVADA }
COUNTY OF CLARK }         SS

I, Scott Sibley state:

That I am Publisher of the Nevada Legal News, a daily
newspaper of general circulation, printed and published in
Las Vegas, Clark County, Nevada; that the publication, a
copy of which is attached hereto, was published in the said
newspaper on the following dates:

Jan 26, 2022
Feb 02, 2022
Feb 09, 2022
Feb 16, 2022
Feb 23, 2022

That said newspaper was regularly issued and circulated
on those dates. I declare under penalty of perjury that the
foregoing is true and correct.

DATED: Feb 23, 2022

Scott Sibley

IN THE EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA
CASE NO.: A-21-840435-C; DEPT. NO.: 5
JANE DOE, an individual, Plaintiff
vs. GREGORY E. BURNS (a/k/a GREG TRAVELL), an individual; DOES 1 through
10, inclusive; ROE ENTITIES 1 through 10, inclusive;
SUMMONS-CIVIL
NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE
COURT WITHIN 21 DAYS. READ THE INFORMATION BELOW CAREFULLY. A
civil complaint has been filed by the Plaintiff against you for the relief set forth in the
Amended Complaint. Object of Action: This is a Complaint involving battery,
negligence and negligent/intentional infliction of emotional distress. 1. If you intend to
defend this lawsuit, within 21 calendar days after this Summons is served on you,
exclusive of the day of service, you must: a. File with the Clerk of the Court, whose
address is shown below, a formal written response to the complaint in accordance
with the rules of the court with the appropriate filing fee. b. Serve a copy of your
response upon the attorney whose name and address is shown below. 1. Unless
you respond, your default will be entered upon application of Plaintiff, and this court
may enter a judgment against you for the relief demanded in the complaint, which
could result in the taking of money or property or other relief requested in the
complaint. 2. The State of Nevada, its political subdivisions, agencies, officers,
employees, board members, commission members, and legislators each have 45
days after service of this Summons within which to file an answer or other
responsive pleading to the complaint. Steven D. Grierson, CLERK OF THE COURT
by Mary Anderson, Deputy Clerk, Date: 10/15/2021, Eighth Judicial District Court of
Nevada, Regional Justice Center, 200 Lewis Avenue, Las Vegas, NV 89155.
Respectfully Submitted by: PAUL PADDA LAW by Paul S. Padda, Esq. (Nevada Bar
No. 10417), 4560 S. Decatur Boulevard, Unit 30370, Las Vegas, NV 89103,
Attorneys for Plaintiff
Published in Nevada Legal News
January 26, February 2, 9, 16, 23, 2022

04107263  00502721

PAUL PADDA LAW, PLLC
4560 S. DECATUR BLVD., STE 300
LAS VEGAS, NV 89103

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

## CERTIFICATE OF MAILING

I hereby certify that on this day, February 28, 2022, I caused a true and correct copy of the foregoing ***AMENDED*** **NOTICE OF SERVICE OF AFFIDAVIT OF PUBLICATION OF SUMMONS AND AMENDED COMPLAINT** to be mailed, via pre-paid, first-class, U.S. Mail, upon the following last known address as follows:

| | |
|---|---|
| Gregory E. Burns<br>4525 Dean Martin Drive, Unit 110<br>Las Vegas, Nevada 89103<br><br>Gregory E. Burns<br>c/o Lifestyle Properties II LLC<br>6671 Las Vegas Blvd S, Unit 210<br>Las Vegas, Nevada 89119. | Peter S. Christiansen, Esq.<br>710 South 7th Street<br>Las Vegas, Nevada 89101<br><br>Conrad O'Brien PC<br>Patricia M. Hamill<br>David I. Singh<br>1500 Market Street, Centre Square<br>West Tower, Suite 3900<br>Philadelphia, PA 19102-2100<br><br>ROSENBERG & BALL CO., LPA<br>Eric J. Rosenberg<br>Tracy L. Turner<br>205 South Prospect Street<br>Granville, OH 43023<br><br>*Attorneys for Gregory Burns* |

/s/ Shelbi Schram
______________________________
Shelbi Schram, Litigation Assistant
PAUL PADDA LAW