RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Tel.: [702] 984-5563
Fax: [702] 598-1425
rschonfeld@cslawoffice.net

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
* * * *

| | |
|---|---|
| JANE DOE, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 2:22-cv-00476-GMN-VCF |
| ) | |
| GREGORY E. BURNS, (a/k/a GREG ) | |
| TRAVELL), an Individual; DOES ) | APPENDIX OF EXHIBITS IN SUPPORT OF |
| I through X inclusive; and ROE ) | DEFENDANT'S OPPOSITION TO |
| BUSINESS ENTITIES I through ) | PLAINTIFF'S MOTION TO REMAND |
| X inclusive. ) | CASE TO EIGHTH JUDICIAL |
| ) | DISTRICT COURT, CLARK COUNTY |
| Defendant. ) | NEVADA |
| _____ ) | |

EXHIBIT A - Declaration of James Stern with attachment;

EXHIBIT B - Proof of Service for Pennsylvania Lawsuit;

EXHIBIT C - Pennsylvania Lawsuit;

EXHIBIT D - California Superior Court Verdicts.

DATED: April 28th, 2022.

Respectfully Submitted:

CHESNOFF & SCHONFELD


        /s/ Richard A. Schonfeld
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563
Attorney for Defendant

# EXHIBIT
# A

## DECLARATION OF JAMES STERN

I, JAMES CARL STERN, attest and declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am over the age of 18 years old and am competent to testify if called upon as a witness in this matter.  That I have personal knowledge of the facts set forth in this Declaration.

2. I am a retired FBI Special Agent with over 25 years' experience where I was last in charge of the Asian Organized Crime Unit at FBI Headquarters in Washington, D.C., and have testified as an expert witness in this field before the United States Senate Judiciary Committee.

3. During my tenure with the FBI, I served in a variety of posts, including as an expert polygraph examiner, SWAT team member, and as the FBI Attaché responsible for investigations and liaison in Hong Kong, PRC, India, Macau, Nepal, and Sri Lanka.

4. I am a fluent Japanese speaker and was also assigned to the headquarters of Japan's National Police Agency in Tokyo and worked side-by-side with Japanese police officers on Japanese Organized Crime (Yakuza) matters.

///

1

5. I was assigned to several high profile FBI investigations to include the kidnapping and murder of Journalist Daniel Pearl, the 2001 Anthrax attacks, lead Agent assigned to the 9/11 terrorist attacks, the Tylenol Aspirin poisoning and extortion investigation, Osama bin Laden manhunt in Pakistan, multiple murder investigations of American Citizens overseas, the polygraph interrogation of Saddam Hussein's bodyguard, and the extensive retraining in Bosnia and Herzegovina of their police officers after the Bosnian War. I was also a member of the FBI SWAT team assigned to the 1984 Los Angeles Summer Olympics.

6. After retiring from the FBI, I served for 12 years as the Senior Vice President, and later Executive Vice President, for all security and investigative matters for Wynn Resorts Limited. I held this position from June 2007 to April 2019. In this role, I was responsible for worldwide security operations for Wynn Resorts. This included assisting on Regulatory Compliance matters and managing all hotel security operations to include tactical Special Operations Officers, General Security Officers, K-9 Security Officers, Surveillance Security Officers, Corporate Investigations, Cyber Investigators, and all Employment and Misconduct investigations.

7. I was also a member of the Compliance Committee for Wynn Resorts and was responsible for overseeing the due diligence of Gaming Promoters at the Macau properties. I founded the Wynn Nightclub Task Force that was initiated in December 2009, which oversaw the operation of the company nightclubs to ensure proper physical security and regulatory compliance as dictated by the Nevada Gaming Control Board, Las Vegas Metropolitan Police Department, and the Clark County Business License Department.

8. I am currently an employee of Chesnoff & Schonfeld.   In this case, I conducted research regarding the Plaintiff's residency.   I searched open-source databases and performed investigative analysis.

9. Through my research in this case I was able to locate the 197th Commencement of the Thomas Jefferson University, Undergraduate and Graduate Ceremony book.  The book reflects that the ceremony took place on May 14, 2021.  Submitted herewith are the cover page of the ceremony book and page number 8 where Plaintiff's name with the City and State of Hatfield, PA appear next to her name.  This has been redacted as Plaintiff has filed as Jane Doe.

10. Through my research I was also able to determine that public records reflect Plaintiff's residential history being in Hatfield, PA from April 2020 to April of 2022.  The residential history reflected an overlap with a residence in

Nevada up until June of 2021.  However, after June of 2021, the residential history on the open-source database reflects residences exclusively in Hatfield, PA.  However, the residence in Nevada is owned by her parents.

11.  I reserve the right to supplement and/or amend this Declaration.

I certify (or declare) under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on April 22, 2022.

JAMES CARL STERN

4

# 197TH
# COMMENCEMENT

## THOMAS JEFFERSON UNIVERSITY
PHILADELPHIA, PENNSYLVANIA
**1824 — 2021**

Friday, May 14, 2021
10:30 a.m.

Mann Center for the Performing Arts

## UNDERGRADUATE AND GRADUATE CEREMONY
Jefferson College of Nursing



. . . . . . . . . . . . . Hatfield, PA

**EXHIBIT
B**

21007321



# MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
## ORDER FOR SERVICE

*(Please prepare a separate request for service form for each defendant to be served by the Sheriff)*

To:   Sheriff Sean P. Kilkenny
       Montgomery County Court House
       P.O. Box 311
       Norristown, Pennsylvania 19404-0311
       Phone: 610-278-3331     Fax: 610-278-3832

Date: _9/10/2021_

Prothonotary No. _J21-18123_

Sheriff Cost: _$67.00_

Attorney's Or Plaintiff's Name and Address:

Patricia M. Hamill, Esq.
Conrad O'Brien PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102-2100

ATTY. ID# 48416     Telephone: 215-864-9600

# 347380

| | |
|---|---|
| X Civil Action | Writ of Execution Levy |
| X Confessed Judgment | Interrogatories |
| Complaint in Ejectment | Writ of Execution Garnishee |
| Posting | Writ of Seizure |
| Writ of Possession | Mortgage Foreclosure |
| Other: | Court Order: |

---

**GREGORY BURNS**
                    vs.
                              **PLAINTIFF**

                              **DEFENDANT**

Service Upon: ▮
LOCATION (MUST HAVE VALID ADDRESS OR DIRECTIONS)

▮ Line Lexington Road
Hatfield, PA 19440

---

FOR SHERIFF USE ONLY          SHERIFF'S RETURN

PERSON SERVED ▮

RELATIONSHIP/POSITION _PS_

PLACE OF SERVICE _AS listed_

DATE OF SERVICE _9.15.21_

TIME OF SERVICE _1040_

NUMBER OF ATTEMPTS _3_

DEPUTY _STEAD_

DEPUTY _# 957_

LAST DAY FOR SERVICE _10-09-2021_

---

## SERVICE NOT MADE BECAUSE:

DATE:          TIME:          DE[...]

| NO SERVICE | BAD ADDRESS |
|---|---|
| MOVED | BUILDING VACANT |

POSS[...]

2021-18123-0003  9/17/2021 10:35 AM # 13255838
Rcpt#Z4133381 Fee:$0.00 (Internal Use Only) Served
Main (Public)
MontCo Prothonotary

[...]DRESS

DATE:          TIME:          DEPUTY:          DEPUTY:          STAMP

ATTEMPTED SERVICE DATE & TIME
9.14.21   @ 0755   MS - notice
9.15.21   @ 0830   MS - left VM

SEP 13  P 3:17 [stamp]

**EXHIBIT**
**C**

Case# 2021-18123-2 Docketed at Montgomery County Prothonotary on 09/09/2021 9:05 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

CONRAD O'BRIEN PC                       *Attorneys for Plaintiff,*
Patricia M. Hamill (ID No. 48416)        *Gregory Burns*
David I. Singh (ID No. 321573)
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102-2100
Phone: (215) 864-9600
Fax: (215) 864-0064
Email: phamill@conradobrien.com
           dsingh@conradobrien.com

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY BURNS, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | NO. 2021-18123 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| ███████████████, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT IN CIVIL ACTION

Plaintiff Gregory Burns, by and through his undersigned counsel, files the following

Complaint in Civil Action:

## PARTIES

1.     Plaintiff Gregory Burns ("Burns") is an adult individual residing at 4525 Dean

Martin Drive, Unit 1106, Las Vegas, Nevada 89103.

2.     Defendant ███████████████████ is an adult individual residing at ███ Line

Lexington Road, Hatfield, Pennsylvania 19440.

## JURISDICTION AND VENUE

3.     This action arises under the laws of the Commonwealth of Pennsylvania and is

within the subject matter jurisdiction of this Court under 42 Pa.C.S. § 931.

Case# 2021-18123-2 Docketed at Montgomery County Prothonotary on 09/09/2021 9:05 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4.     This Court has personal jurisdiction over █████ under 42 Pa.C.S. § 5301 because █████ was present and/or domiciled in Pennsylvania at the time when process was served.

5.     Venue in this Court is proper under Pa.R.C.P. 1006 because █████ may be served in Montgomery County, the causes of action arose in Montgomery County, and/or certain transactions or occurrences out of which the causes of action arose took place in Montgomery County.

## FACTUAL BACKGROUND

6.     On June 8, 2021, Burns received a demand from █████ for a monetary payment based on false allegations that he placed a date rape drug in her drink at a nightclub years before. Prior to receiving this letter, Burns had no knowledge that █████ was accusing him of giving her a date rape drug. As a result of investigation into this demand, on August 18, 2021, Burns learned from a voluntary statement provided by █████ that she had published this false statement accusing him of placing a date rape drug in her drink years before. Upon information and belief, █████ has directly or indirectly published this false statement to multiple individuals including, but not limited to: (a) the following group of friends that she was out with on the evening in which she met Burns (i) Thasin Jaigirdar, (ii) Adrian Arellano, (iii) Jen Hahn, (iv) Arthur Chung; (b) █████ sister, █████ (c) █████ friend Danielle Snajder; and (d) █████ former co-worker with the first name Claudia. Burns did not know of and could not have discovered these statements prior to June 8, 2021.

7.     █████ and Burns met one time at a nightclub in Las Vegas, Nevada in 2019. █████ and Burns hit it off, laughed, and had a nice time together. █████ flirted with Burns and made comments to him to let him know she was interested, in particular after she learned that Burns was a successful businessman. Witnesses, including a friend of █████, observed █████

2

Case# 2021-18123-2 Docketed at Montgomery County Prothonotary on 09/09/2021 9:05 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and Burns mutually and consensually kissing at the club. The two left the nightclub together after
███████ accepted Burns' invitation to go to his apartment.

    8.     ███████ voluntarily left the nightclub unassisted to go with Burns to his apartment.
Neither ███████ friends nor any other person witnessed or described ███████ as being
incapacitated or unable to care for herself.  Burns has never used illegal drugs and did not consume
any drugs on the night in question. To exit the nightclub, ██████ and Burns passed through a busy
casino and by multiple members of the nightclub and the casino's security teams.

    9.     ██████ and Burns went to Burns' apartment. ██████ stayed the night at Burns'
apartment, the look and value of which would have confirmed to █████ that Burns was wealthy.
The next morning, Burns said good-bye to ██████ before leaving for work and invited her to stay
and sleep longer at his apartment. She did so. Upon waking, she gathered her belongings, and took
a sweater of Burns from his closet.

    10.    Later that day, ██████ and Burns exchanged text messages.  At 4:11 p.m. in the
afternoon, Burns texted ██████ "██████ – It was great meeting you at Omnia :) – Greg." ████████
responded at 4:58 p.m. as follows, "You too! You still need to learn how to be a local lol."

    11.    On that same day, ██████ also exchanged text messages with other friends she was
out with the night before without ever mentioning anything was amiss.

    12.    Burns did not drug ██████ and ██████ has no evidence of being drugged. Mr.
Burns has never consumed illegal substances of any kind, nor procured such substances nor
offered or given any illegal substances of any kind to any other person.

    13.    No criminal charges have been filed against Burns relating to ████████ false
allegation that he drugged her.

Case# 2021-18123-2 Docketed at Montgomery County Prothonotary on 09/09/2021 9:05 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14.     The published statements contained false, defamatory, damaging, and outrageous claims about Burns, falsely accusing him either explicitly or implicitly of illegal and improper conduct, i.e. drugging her.

15.     The published statements have no connection to any complaint ▇▇▇▇ made about Burns to any governmental or quasi-governmental body and were not made in the presence of any governmental or quasi-governmental body.

16.     As a direct and proximate result of ▇▇▇▇ false and defamatory claims accusing Burns of a crime of moral turpitude, Burns has suffered, and will continue to suffer, reputational and economic (special) damages.

## COUNT I – DEFAMATION

17.     Burns' averments in the preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

18.     ▇▇▇▇ defamatory statements, detailed above, disparaged Burns' integrity, reputation, character, and professional conduct to third persons.

19.     ▇▇▇▇ falsely stated either explicitly or implicitly that Burns placed a date rape drug in a drink that he provided to her.

20.     ▇▇▇▇ defamatory statements constitute defamation in that they impute criminal misconduct and improper conduct.

21.     ▇▇▇▇ statements harmed Burns' reputation so as to lower him in the estimation of the community and to deter others from associating or dealing with him.

22.     Publication of such statements was intentionally, maliciously, outrageously, knowingly, recklessly, and/or negligently made by ▇▇▇▇

4

Case# 2021-18123-2 Docketed at Montgomery County Prothonotary on 09/09/2021 9:05 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

23.     As discussed above, ▓▓▓▓▓ actively pursued this outrageous and malicious defamation campaign for monetary gain.

24.     The recipients understood the defamatory meaning of the statements and understood the applications of such statements to Burns, who was identified by ▓▓▓▓▓

25.     The statements made by ▓▓▓▓ were false.

26.     ▓▓▓▓ knew that such statements were false and materially misleading, should have known the statements were false and materially misleading, and/or acted in reckless disregard of the truth or falsity of the statements.

27.     ▓▓▓▓ had no privilege to make such statements and/or waived or forfeited any conditional privilege.

28.     As a direct and proximate result of ▓▓▓▓ false and defamatory statements, Burns' reputation, standing in the community, and business or trade have been injured, impaired, or diminished.

29.     As a direct and proximate result of ▓▓▓▓ past and ongoing false and defamatory statements, Burns has suffered, and will continue to suffer damages, including, but not limited to, reputational damages and special damages.

WHEREFORE, Plaintiff Gregory Burns respectfully requests that this Court enter judgment in his favor and against Defendant ▓▓▓▓▓▓ and award money damages in an amount in excess of the arbitration limit of $50,000.00, together with punitive damages, costs, fees, interest, and such further relief as this Court may deem just and appropriate. Plaintiff Gregory Burns further requests that this Court order Defendant ▓▓▓▓▓▓ to prepare and issue a written apology, which he may circulate to any third parties.

Case# 2021-18123-2 Docketed at Montgomery County Prothonotary on 09/09/2021 9:05 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT II – FALSE LIGHT

30.     Burns' averments in the preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

31.     Through ▮▮▮▮ false statements to multiple acquaintances, friends, family, and co-workers, ▮▮▮▮ publicized private facts about Burns' honesty and integrity that are false, create an overall impression of falsehood, and place Burns in a false light before the public.

32.     Such publicity would be highly offensive to a reasonable person in that ▮▮▮▮ statements constitute a major misrepresentation of ▮▮▮▮ character and activities.

33.     Such statements are not of legitimate concern to the public.

34.     ▮▮▮▮ conduct was intentional, willful, wanton, malicious, and outrageous.

35.     ▮▮▮▮ had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Burns would be placed.

36.     The publication of such false statements caused mental suffering, shame, and/or humiliation to Burns, a person of ordinary sensibilities.

WHEREFORE, Plaintiff Gregory Burns respectfully requests that this Court enter judgment in his favor and against Defendant ▮▮▮▮ and award money damages in an amount in excess of the arbitration limit of $50,000.00, together with punitive damages, costs, fees, interest, and such further relief as this Court may deem just and appropriate. Plaintiff Gregory Burns further requests that this Court order Defendant ▮▮▮▮ to prepare and issue a written apology, which he may circulate to any third parties.

**JURY TRIAL DEMANDED.**

Case# 2021-18123-2 Docketed at Montgomery County Prothonotary on 09/09/2021 9:05 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

CONRAD O'BRIEN PC

*/s/ Patricia M. Hamill*
Patricia M. Hamill (ID No. 48416)
David I. Singh (ID No. 321573)
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102-2100
Phone: (215) 864-9600
Fax: (215) 864-0064
Email: phamill@conradobrien.com
           dsingh@conradobrien.com

ROSENBERG & BALL CO., LPA
Eric. J. Rosenberg (*pro hac vice* forthcoming)
Tracy L. Turner (*pro hac vice* forthcoming)
205 South Prospect Street
Granville, OH 43023
Phone: (888) 680-6796
Fax: (866) 498-0811
Email: erosenberg@rosenbergball.com
           tturner@rosenbergball.com

*Attorneys for Plaintiff, Gregory Burns*

7

**EXHIBIT
D**

FILED
Superior Court of California
County of Los Angeles

OCT 11 2019

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Marisa Ventura

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| LAUREN REEVES, | ) | CASE NO:  BC 643099 |
| | ) | |
| Plaintiff, | ) | Hon. Terry A. Green - Dept. 14 |
| | ) | |
| vs. | ) | |
| | ) | |
| HOLOGRAM USA, INC., | ) | **SPECIAL VERDICT** |
| ALKI DAVID PRODUCTIONS, INC., | ) | |
| ALKIVIADES DAVID, an individual and | ) | |
| DOES 1 through 25, inclusive, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ———————————————— | ) | |

**WE, THE JURY IN THE ABOVE-ENTITLED MATTER, FIND AS FOLLOWS:**

As soon as nine or more jurors have agreed upon each answer, mark down the answer.

Page -1-

**Battery**

**Question No. 1:**

Did Alki David touch Lauren Reeves with the intent to harm or offend her?

_9_ Yes   _3_ No

If your answer to Question 1 is Yes, then answer Question 2.  If you answered No, then proceed to Question 5.

**Question No.  2:**

Did Lauren Reeves consent to be touched?

___ Yes   _X_ No

If your answer to Question 2 is No, then proceed to Question 3.  If you answered Yes, then proceed to Question 5.

**Question No.  3:**

Was Lauren Reeves harmed or offended by Alki David's conduct?

_X_ Yes   _No

If your answer to Question 3 is Yes, then proceed to Question 4.  If you answered No, then proceed to Question 5.

**Question No.  4:**

Would a reasonable person in Ms. Reeves' situation have been offended by the touching?

_X_ Yes   ___ No

**Proceed to Question No. 5**

<b><u>Sexual Battery</u></b>

**Question No. 5:**

      Did Alki David intend to cause a harmful or offensive contact with Lauren Reeves by use of his groin?

      X̲ Yes    ___ No

If your answer to Question 5 is Yes, then answer Question 6.  If you answered No, then proceed to Question 9.

**Question No. 6:**

      Did the contact with Mr. David's groin result in a sexually offensive contact either directly or indirectly?

      X̲ Yes    ___ No

If your answer to Question 6 is Yes, then answer Question 7.  If you answered No, then proceed to Question 9.

**Question No. 7:**

      Did Lauren Reeves consent to the touching?

      ___ Yes    X̲ No

If your answer to Question 7 is No, then proceed to Question 8.  If you answered Yes, then proceed to Question 9.

**Question No. 8:**

      Was Lauren Reeves harmed or offended by Alki David's conduct?

      X̲ Yes    ___ No

**Proceed to Question No. 9**

Page -3-

1

## Sexual Harassment - Hostile Work Environment
## (Hologram USA, Inc.)

2

3 **Question No. 9:**

4       Was Lauren Reeves a person providing services for Hologram USA, Inc.?

5       _X_ Yes  ___ No

6 If your answer to Question 9 is Yes, then proceed to Question 10.  If you answered No, then

7 proceed to Question 16.

8

9 **Question No. 10:**

10       Was Lauren Reeves subjected to unwanted harassing conduct because she is a women?

11       _X_ Yes  ___ No

12 If your answer to Question 10 is Yes, then proceed to Question 11.  If you answered No, then

13 proceed to Question 16.

14

15 **Question No. 11:**

16       Was the harassment severe or pervasive?

17       _X_ Yes  ___ No

18 If your answer to Question 11 is Yes, then proceed to Question 12.  If you answered No, then

19 proceed to Question 16.

20

21 **Question No. 12:**

22       Would a reasonable woman in Lauren Reeves' circumstances have considered the work

23 environment to be hostile, intimidating, offensive or abusive?

24       _X_ Yes  ___ No

25 If your answer to Question 12 is Yes, then answer Question 13.  If you answered No, then proceed

26 to Question 16.

27

28

Page -4-

**Question No. 13:**

  Did Lauren Reeves consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

   X Yes  ___ No

If your answer to Question 13 is Yes, then answer Question 14.  If you answered No, then proceed to Question 16.

**Question No. 14:**

  Did a supervisor engage in the harassing conduct?

   X Yes  ___ No

If your answer to Question 14 is Yes, then answer Question 15.  If you answered No, then proceed to Question 16.

**Question No. 15:**

  Was the harassing conduct a substantial factor in causing harm to Lauren Reeves?

   X Yes  ___ No

**Proceed to Question No. 16**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(Alki David Productions, Inc.)**

**Question No. 16:**

       Was Lauren Reeves a person providing services for Alki David Productions, Inc.?

       X Yes    ___No

If your answer to Question 16 is Yes, then proceed to Question 17.  If you answered No, then proceed to Question 23.

**Question No. 17:**

       Was Lauren Reeves subjected to unwanted harassing conduct because she is a women?

       X Yes    ___No

If your answer to Question 17 is Yes, then proceed to Question 18.  If you answered No, then proceed to Question 23.

**Question No. 18:**

       Was the harassment severe or pervasive?

       X Yes    ___No

If your answer to Question 18 is Yes, then proceed to Question 19.  If you answered No, then proceed to Question 23.

**Question No. 19:**

       Would a reasonable woman in Lauren Reeves' circumstances have considered the work environment to be hostile, intimidating, offensive or abusive?

       X Yes    ___No

If your answer to Question 19 is Yes, then answer Question 20.  If you answered No, then proceed to Question 23.

1

**Question No. 20:**

2      Did Lauren Reeves consider the work environment to be hostile, intimidating, offensive,

3  oppressive, or abusive?

4      X Yes ___No

5  If your answer to Question 20 is Yes, then answer Question 21.  If you answered No, then proceed

6  to Question 23.

7

8  **Question No. 21:**

9      Did a supervisor engage in the harassing conduct?

10      X Yes ___No

11  If your answer to Question 21 is Yes, then answer Question 22.  If you answered No, then proceed

12  to Question 23.

13

14  **Question No. 22:**

15      Was the harassing conduct a substantial factor in causing harm to Lauren Reeves?

16      X Yes ___No

17

18

19

20

21  **Proceed to Question No. 23 and only answer Question No. 23 if you answered Yes to**

22  **Question No. 13 or 20**

23

24

25

26

27

28

1          (Alkiviades David)

2  **Question No. 23:**

3          Did Alki David engage in the harassing conduct?

4          X Yes    ___No

5  If your answer to Question 23 is Yes, then answer Question 24.  If you answered No, then proceed

6  to Question 25.

7

8  **Question No. 24:**

9          Was the harassing conduct a substantial factor in causing harm to Lauren Reeves?

10         X Yes    ___No

11

12

13

14  **Proceed to Question No. 25**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Damages</u>**

Only answer Question 25, if you answered "Yes" to any of the following Questions: 4, 8, 15, 22, or 24.

If you are not required to answer Question 25, stop here, answer no further questions and have the presiding Juror sign and date this form.  Otherwise, proceed to answer Question 25.

**Question No. 25:**

What are Lauren Reeves damages?

A. <u>Past non-economic loss</u>, including physical pain/mental suffering.

Enter the amount below if you find that Hologram USA, Inc., and/or Alki David Productions, Inc., and/or Alkiviades David is/are liable to Lauren Reeves for one or more of her claims.

$ _300,000.00_

B. <u>Future non-economic loss</u>, including physical pain/mental suffering

Enter the amount below if you find that Hologram USA, Inc., and/or Alki David Productions, Inc., and/or Alkiviades David is/are liable to Lauren Reeves for one or more of her claims.

$ _250,000.00_

1

   C.   Economic damages: (Past medical expenses)

2

   Enter the amount below if you find that Defendants Hologram USA, Inc., and/or Alki

3

David Productions, Inc and/or Alkiviades David is/are liable to Lauren Reeves under any of her

4

claims.

5

6

   $ _20,000.00_

7

8

9

10

   D.   Economic damages: (Future medical expenses)

11

   Enter the amount below if you find that Defendants Hologram USA, Inc., and/or Alki

12

David Productions, Inc and/or Alkiviades David is/are liable to Lauren Reeves under any of her

13

claims.

14

15

   $ _80,000.00_

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Punitive Damages**

2    Only answer question 26 below if you awarded damages in question 25.  If you did not

3  award damages in question 25, stop here, answer no further questions, and have the presiding

4  Juror sign and date this form.

5    Otherwise, proceed to answer Question no. 26.

6

7  **Question No. 26:**

8    Did Ms. Reeves prove by clear and convincing evidence that Mr. David engaged in

9  harassing conduct with malice, oppression, or fraud?

10

11    X Yes    ___No

12

13

14  **Have the Presiding Juror sign and date this form.**

15

16  **THE ABOVE IS THE VERDICT OF THIS JURY IN THIS CASE.**

17  Please have your foreperson sign and date this special verdict form.

18

19  Signed: _Dene M Alee_____    Dated: _10|11|19_____

20    PRESIDING JUROR

21    Juror # 6

22    Presiding

23

24

25

26

27

28

Page -11-

1

2

3

4

5

6

7

**FILED**
Superior Court of California
County of Los Angeles

**OCT 15 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Marisa Ventura

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF LOS ANGELES

10

11   LAUREN REEVES,                          )        CASE NO:   BC 643099
                                             )
12                 Plaintiff,                )        Hon. Terry A. Green - Dept. 14
                                             )
13          vs.                              )
                                             )
14                                           )
                                             )        **SPECIAL VERDICT (PHASE II)**
15   HOLOGRAM USA, INC.,                      )
     ALKI DAVID PRODUCTIONS, INC.,           )
16   ALKIVIADES ("ALKI") DAVID.              )
                                             )
17                                           )
                                             )
18                 Defendants.               )
                                             )
19   _____        )

20

21

22

23

24      **WE, THE JURY IN THE ABOVE-ENTITLED MATTER, FIND THE**

25   **FOLLOWING SPECIAL VERDICT ON THE QUESTION PRESENTED TO US:**

26

27

28

1

1.      What amount of punitive damages, if any, do you award Lauren Reeves against Alkiviades David?

$ _4,350,000.00_

Have the Presiding Juror sign and date this form.

Signed: _Irene M Ochoa_      Dated: _10|15|19_
        PRESIDING JUROR

Print Name: _Irene M Ochoa_

After this verdict form has been signed, notify the courtroom assistant that you are ready to present your verdict in the courtroom.

2

1

2

3

4

5

6

7    es

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
Superior Court of California
County of Los Angeles

NOV 26 2019

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Cecilia Guerrero

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

MAHIM KHAN,

               Plaintiff,

      vs.

HOLOGRAM USA, INC.,
ALKI DAVID PRODUCTIONS, INC.,
FILMON TV, INC.; and ALKIVIADES
("ALKI") DAVID.

               Defendants.

CASE NO:   BC 654017

Hon. Michelle Williams Court - Dept. 74

**SPECIAL VERDICT**

**WE, THE JURY IN THE ABOVE-ENTITLED MATTER, FIND AS FOLLOWS:**

As soon as nine or more jurors have agreed upon each answer, mark down the answer.

1

**Battery**

2 **Question No. 1:**

3        Did Alki David touch Mahim Khan with the intent to harm or offend her?

4        ✓ Yes    ___No

5 If your answer to Question 1 is Yes, then answer Question 2.  If you answered No, then proceed to

6 Question 5.

7

8 **Question No.  2:**

9        Did Mahim Khan consent to be touched?

10       ___Yes    ✓ No

11 If your answer to Question 2 is No, then proceed to Question 3.  If you answered Yes, then

12 proceed to Question 5.

13

14 **Question No.  3:**

15        Was Mahim Khan harmed or offended by Alki David's conduct?

16        ✓ Yes    ___No

17 If your answer to Question 3 is Yes, then proceed to Question 4.  If you answered No, then

18 proceed to Question 5.

19

20 **Question No.  4:**

21        Would a reasonable person in Ms. Khan's situation have been offended by the touching?

22        ✓ Yes    ___No

23

24

25 **Proceed to Question No. 5**

26

27

28

1  <u>**Sexual Battery**</u>

2  **Question No. 5:**

3      Did Alki David intend to cause a harmful or offensive contact with Mahim Khan's breasts

4      and/or buttocks and/or groin?

5      ✓ Yes   ___No

6  If your answer to Question 5 is Yes, then answer Question 6.  If you answered No, then proceed to

7  Question 9.

8

9  **Question No. 6:**

10      Did Mr. David's conduct result in a sexually offensive contact either directly or indirectly?

11      ✓ Yes   ___No

12  If your answer to Question 6 is Yes, then answer Question 7.  If you answered No, then proceed to

13  Question 9.

14

15  **Question No. 7:**

16      Did Mahim Khan consent to the touching?

17      ___Yes   ✓ No

18  If your answer to Question 7 is No, then proceed to Question 8.  If you answered Yes, then

19  proceed to Question 9.

20

21  **Question No. 8:**

22      Was Mahim Khan harmed or offended by Alki David's conduct?

23      ✓ Yes   ___No

24

25

26  <u>**Proceed to Question No. 9**</u>

27

28

## Sexual Harassment - Hostile Work Environment
### (Hologram USA, Inc.)

**Question No. 9:**

Was Mahim Khan an employee of Hologram USA, Inc.?

___Yes   ✓No

If your answer to Question 9 is Yes, then proceed to Question 10.  If you answered No, then proceed to Question 16.


**Question No. 10:**

Was Mahim Khan subjected to unwanted harassing conduct because she is a woman?

___Yes   ___No

If your answer to Question 10 is Yes, then proceed to Question 11.  If you answered No, then proceed to Question 16.


**Question No. 11:**

Was the harassment severe or pervasive?

___Yes   ___No

If your answer to Question 11 is Yes, then proceed to Question 12.  If you answered No, then proceed to Question 16.


**Question No. 12:**

Would a reasonable woman in Mahim Khan's circumstances have considered the work environment to be hostile, intimidating, offensive or abusive?

___Yes   ___No

If your answer to Question 12 is Yes, then answer Question 13.  If you answered No, then proceed to Question 16.

**Question No. 13:**

       Did Mahim Khan consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

       ___Yes   ___No

If your answer to Question 13 is Yes, then answer Question 14.  If you answered No, then proceed to Question 16.


**Question No. 14:**

       Did a supervisor engage in the harassing conduct?

       ___Yes   ___No

If your answer to Question 14 is Yes, then answer Question 15.  If you answered No, then proceed to Question 16.


**Question No. 15:**

       Was the harassing conduct a substantial factor in causing harm to Mahim Khan?

       ___Yes   ___No


**<u>Proceed to Question No. 16</u>**

**Sexual Harassment - Hostile Work Environment**
**(Alki David Productions, Inc.)**

**Question No. 16:**

Was Mahim Khan an employee of Alki David Productions, Inc.?

✓ Yes ___No

If your answer to Question 16 is Yes, then proceed to Question 17.  If you answered No, then proceed to Question 23.

**Question No. 17:**

Was Mahim Khan subjected to unwanted harassing conduct because she is a women?

✓ Yes ___No

If your answer to Question 17 is Yes, then proceed to Question 18.  If you answered No, then proceed to Question 23.

**Question No. 18:**

Was the harassment severe or pervasive?

✓ Yes ___No

If your answer to Question 18 is Yes, then proceed to Question 19.  If you answered No, then proceed to Question 23.

**Question No. 19:**

Would a reasonable woman in Mahim Khan's circumstances have considered the work environment to be hostile, intimidating, offensive or abusive?

✓ Yes ___No

If your answer to Question 19 is Yes, then answer Question 20.  If you answered No, then proceed to Question 23.

**Question No. 20:**

      Did Mahim Khan consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

    ✓ Yes   ___No

If your answer to Question 20 is Yes, then answer Question 21.  If you answered No, then proceed to Question 23.


**Question No. 21:**

      Did a supervisor engage in the harassing conduct?

    ✓ Yes   ___No

If your answer to Question 21 is Yes, then answer Question 22.  If you answered No, then proceed to Question 23.


**Question No. 22:**

      Was the harassing conduct a substantial factor in causing harm to Mahim Khan?

    ✓ Yes   ___No


**Proceed to Question No. 23.**

## Sexual Harassment – Hostile Work Environment
### (FilmOn TV, Inc.)

**Question No. 23:**

Was Mahim Khan an employee of FilmOn TV, Inc.?

✓ Yes    ___ No

If your answer to Question 23 is Yes, then proceed to Question 24.  If you answered No, then proceed to Question 30.

**Question No. 24:**

Was Mahim Khan subjected to unwanted harassing conduct because she is a women?

✓ Yes    ___ No

If your answer to Question 24 is Yes, then proceed to Question 25.  If you answered No, then proceed to Question 30.

**Question No. 25:**

Was the harassment severe or pervasive?

✓ Yes    ___ No

If your answer to Question 25 is Yes, then proceed to Question 26.  If you answered No, then proceed to Question 30.

**Question No. 26:**

Would a reasonable woman in Mahim Khan's circumstances have considered the work environment to be hostile, intimidating, offensive or abusive?

✓ Yes    ___ No

If your answer to Question 26 is Yes, then answer Question 27.  If you answered No, then proceed to Question 30.

**Question No. 27:**

Did Mahim Khan consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

✓ ___Yes    ___No

If your answer to Question 27 is Yes, then answer Question 28.  If you answered No, then proceed to Question 30.


**Question No. 28:**

Did a supervisor engage in the harassing conduct?

✓ ___Yes    ___No

If your answer to Question 28 is Yes, then answer Question 29.  If you answered No, then proceed to Question 30.


**Question No. 29:**

Was the harassing conduct a substantial factor in causing harm to Mahim Khan?

✓ ___Yes    ___No


**Proceed to Question No. 30**

**Sexual Harassment - Hostile Work Environment**
**(Alkiviades ("Alki") David)**

**Only answer Question No. 30 if you answered Yes to Question No. 13 or 20 or 27.**

**If you are not required to answer Question No. 30, proceed to Question No. 32.**

**Question No. 30:**

    Did Alki David engage in the harassing conduct?

    ✓ Yes    ___No

If your answer to Question 30 is Yes, then answer Question 31. If you answered No, then proceed to Question 32.

**Question No. 31:**

    Was the harassing conduct a substantial factor in causing harm to Mahim Khan?

    ✓ Yes    ___No

**Proceed to Question No. 32**

<u>**Damages**</u>

**Only answer Question 32, if you answered "Yes" to any of the following Questions: 4, 8, 15, 22, 29, or 31.**

If you are not required to answer Question 32, stop here, answer no further questions and have the presiding Juror sign and date this form.  Otherwise, proceed to answer Question 32.

**Question No. 32**

What are Mahim Khan's damages?

A.    <u>Past Non-Economic loss</u>, including physical pain/mental suffering.

Enter the amount below if you find that Hologram USA, Inc. and/or Alki David Productions, Inc., and/or FilmOn TV, Inc., and/or Alkiviades David is/are liable to Mahim Khan for one or more of her claims.

$ ___3,000,000___

B.    <u>Future Non-Economic loss</u>, including physical pain/mental suffering.

Enter the amount below if you find that Hologram USA, Inc. And/or Alki David Productions, Inc., and/or FilmOn TV, Inc., and/or Alkiviades David is/are liable to Mahim Khan for one or more of her claims.

$ ___5,000,000___

C.   <u>Past Economic losses</u>:

Enter the amount below if you find that Hologram USA, Inc. And/or Alki David Productions, Inc., and/or FilmOn TV, Inc., and/or Alkiviades David is/are liable to Mahim Khan for one or more of her claims.

Lost earnings          $ 40,000

Medical expenses     $ 0

D.   <u>Future Economic losses</u>:

Lost earnings          $ 80,000

Medical expenses     $ 130,000

**Proceed to Question no. 33**

**Punitive Damages**

**Only answer Question 33 below if you awarded damages in Question No. 32.  If you did not award damages in Question No. 32, stop here, answer no further questions, and have the presiding Juror sign and date this form.  Otherwise, proceed to answer Question No. 33.**

**Question No. 33**:

      Did Mahim Khan prove by clear and convincing evidence that Mr. David engaged in harassing conduct with malice, oppression, or fraud?

      ✓ ___Yes   ___No

**Have the Presiding Juror sign and date this form.**

**THE ABOVE IS THE VERDICT OF THIS JURY IN THIS CASE.**

Please have your foreperson sign and date this special verdict form.

Signed: _____   Dated: __11/26/19__
       **PRESIDING JUROR**

       Juror No. __7__

After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

Electronically FILED by Superior Court of California, County of Los Angeles on 01/21/2020 06:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

GLORIA R. ALLRED, STATE BAR #065033
NATHAN GOLDBERG, STATE BAR #61292
DOLORES Y. LEAL, STATE BAR #134176
dleal@amglaw.com
RENEE MOCHKATEL, STATE BAR # 106049
rmockhatel@amglaw.com
LAW OFFICES
**ALLRED, MAROKO & GOLDBERG**
6300 Wilshire Boulevard, Suite 1500
LOS ANGELES, CALIFORNIA 90048-5217
Telephone No. (323) 653-6530
Facsimile No. (323) 653-1660

Attorneys for **Plaintiff, MAHIM KHAN**

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

MAHIM KHAN, an individual,

        Plaintiff,

vs.

HOLOGRAM USA, INC.; ALKI DAVID PRODUCTIONS, INC.; FILMON TV, INC.; ALKIVIADES ("ALKI") DAVID, an individual and DOES 1 through 25, inclusive,

        Defendants.

CASE NO:  BC654017

Hon. Michelle Williams Court - Dept. 74

**NOTICE OF ENTRY OF JUDGMENT ON SPECIAL VERDICT**

1

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          **PLEASE TAKE NOTICE** that the Superior Court for the County of Los Angeles

3   received the Proposed Judgment on Special Verdict submitted on December 3, 2019.  The

4   Judgment on Special Verdict was signed and filed on December 18, 2019.  A copy of the

5   Judgment on Special Verdict signed by Judge Michelle Williams Court is attached hereto.

6

7   DATED: January 21, 2020               ALLRED, MAROKO & GOLDBERG

8                              By

9                                DOLORES Y. LEAL

10                              Attorneys for Plaintiff,
                                     **MAHIM KHAN**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ENTRY OF JUDGMENT ON SPECIAL VERDICT

Electronically Received 12/03/2019 02:28 PM

Electronically Received 12/03/2019 02:28 PM

1  GLORIA R. ALLRED, STATE BAR #065033
   NATHAN GOLDBERG, STATE BAR #61292
2  DOLORES Y. LEAL, STATE BAR #134176
   dleal@amglaw.com
3  RENEE MOCHKATEL, STATE BAR # 106049
   rmockhatel@amglaw.com
4  LAW OFFICES
   **ALLRED, MAROKO & GOLDBERG**
5  6300 Wilshire Boulevard, Suite 1500
   LOS ANGELES, CALIFORNIA 90048-5217
6  Telephone No. (323) 653-6530
   Facsimile No. (323) 653-1660
7

**FILED**
Superior Court of California
County of Los Angeles
**12/18/2019**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ C. Guerrero _____ Deputy

8  Attorneys for **Plaintiff, MAHIM KHAN**

9

10  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11  FOR THE COUNTY OF LOS ANGELES

12

13  MAHIM KHAN, an individual,                    )   CASE NO:  BC654017
                                                  )
14                                                )   Hon. Michelle Williams Court - Dept. 74
            Plaintiff,                            )
15                                                )
        vs.                                       )
16                                                )   ~~(PROPOSED)~~
    HOLOGRAM USA, INC.; ALKI DAVID                )   **JUDGMENT ON JURY SPECIAL**
17  PRODUCTIONS, INC.; FILMON TV,                 )   **VERDICT**
    INC.; ALKIVIADES ("ALKI") DAVID, an           )
18  individual and DOES 1 through 25,             )
    inclusive,                                    )
19                                                )
                                                  )
20          Defendants.                           )
                                                  )
21  _____     )

22

23      This action came on regularly for trial on October 28, 2019, in Department 74 of the

24  Superior Court, the Hon. Michelle Williams Court judge presiding; the Plaintiff Mahim Khan

25  appearing by attorneys Nathan Goldberg and Dolores Y. Leal; Defendants Hologram USA, Inc.,

26  Alki David Productions, Inc., and Filmon TV, Inc. appearing by attorneys Ellyn Garofalo and

27  Amir Kaltgrad, and Defendant Alkiviades ("Alki") David appearing in propria persona.

28

1
~~(PROPOSED)~~ JUDGMENT ON JURY SPECIAL VERDICT

1    A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and

2    testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by

3    the Court and the cause was submitted to the jury (with directions to return a verdict on special

4    issues). The jury deliberated and thereafter returned into court with its verdicts as follows:

5                                    **(PHASE ONE)**

6    **WE, THE JURY IN THE ABOVE-ENTITLED MATTER, FIND AS FOLLOWS:**

7        As soon as nine or more jurors have agreed upon each answer, mark down the answer.

8                                    <u>**Battery**</u>

9    **Question No. 1:**

10       Did Alki David touch Mahim Khan with the intent to harm or offend her?

11       __✓__Yes   ____No

12   If your answer to Question 1 is Yes, then answer Question 2.  If you answered No, then proceed

13   to Question 5.

14

15   **Question No.  2:**

16       Did Mahim Khan consent to be touched?

17       ___Yes   __✓__No

18   If your answer to Question 2 is No, then proceed to Question 3.  If you answered Yes, then

19   proceed to Question 5.

20

21   **Question No.  3:**

22       Was Mahim Khan harmed or offended by Alki David's conduct?

23       __✓_Yes   ____No

24   If your answer to Question 3 is Yes, then proceed to Question 4.  If you answered No, then

25   proceed to Question 5.

26   / / /

27   / / /

28

                                          2

**Question No. 4:**

    Would a reasonable person in Ms. Khan's situation have been offended by the touching?

    ✓ Yes    ___No

**Proceed to Question No. 5**

<u>**Sexual Battery**</u>

**Question No. 5:**

    Did Alki David intend to cause a harmful or offensive contact with Mahim Khan's breasts and/or buttocks and/or groin?

    ✓ Yes    ___No

If your answer to Question 5 is Yes, then answer Question 6. If you answered No, then proceed to Question 9.

**Question No. 6:**

    Did Mr. David's conduct result in a sexually offensive contact either directly or indirectly?

    ✓ Yes    ___No

If your answer to Question 6 is Yes, then answer Question 7. If you answered No, then proceed to Question 9.

**Question No. 7:**

    Did Mahim Khan consent to the touching?

    ___Yes   ✓ No

If your answer to Question 7 is No, then proceed to Question 8. If you answered Yes, then proceed to Question 9.

///

**Question No. 8:**

      Was Mahim Khan harmed or offended by Alki David's conduct?

      __✓__ Yes    ___No

**Proceed to Question No. 9**


## Sexual Harassment - Hostile Work Environment
### (Hologram USA, Inc.)

**Question No. 9:**

      Was Mahim Khan an employee of Hologram USA, Inc.?

      ___Yes   __✓__No

If your answer to Question 9 is Yes, then proceed to Question 10.  If you answered No, then proceed to Question 16.


**Question No. 10:**

      Was Mahim Khan subjected to unwanted harassing conduct because she is a woman?

      ___Yes   ___No

If your answer to Question 10 is Yes, then proceed to Question 11.  If you answered No, then proceed to Question 16.


**Question No. 11:**

      Was the harassment severe or pervasive?

      ___Yes   ___No

If your answer to Question 11 is Yes, then proceed to Question 12.  If you answered No, then proceed to Question 16.

///

///

(PROPOSED) JUDGMENT ON JURY SPECIAL VERDICT

**Question No. 12:**

      Would a reasonable woman in Mahim Khan's circumstances have considered the work environment to be hostile, intimidating, offensive or abusive?

    \_\_\_Yes \_\_\_No

If your answer to Question 12 is Yes, then answer Question 13.  If you answered No, then proceed to Question 16.


**Question No. 13:**

      Did Mahim Khan consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

    \_\_\_Yes \_\_\_No

If your answer to Question 13 is Yes, then answer Question 14.  If you answered No, then proceed to Question 16.


**Question No. 14:**

      Did a supervisor engage in the harassing conduct?

    \_\_\_Yes \_\_\_No

If your answer to Question 14 is Yes, then answer Question 15.  If you answered No, then proceed to Question 16.


**Question No. 15:**

      Was the harassing conduct a substantial factor in causing harm to Mahim Khan?

    \_\_\_Yes   \_\_\_No


**Proceed to Question No. 16**

/ / /

/ / /

(PROPOSED) JUDGMENT ON JURY SPECIAL VERDICT

## Sexual Harassment - Hostile Work Environment
### (Alki David Productions, Inc.)

**Question No. 16:**

Was Mahim Khan an employee of Alki David Productions, Inc.?

✓ Yes ___ No

If your answer to Question 16 is Yes, then proceed to Question 17. If you answered No, then proceed to Question 23.

**Question No. 17:**

Was Mahim Khan subjected to unwanted harassing conduct because she is a women?

✓ Yes ___ No

If your answer to Question 17 is Yes, then proceed to Question 18. If you answered No, then proceed to Question 23.

**Question No. 18:**

Was the harassment severe or pervasive?

✓ Yes ___ No

If your answer to Question 18 is Yes, then proceed to Question 19. If you answered No, then proceed to Question 23.

**Question No. 19:**

Would a reasonable woman in Mahim Khan's circumstances have considered the work environment to be hostile, intimidating, offensive or abusive?

✓ Yes ___ No

If your answer to Question 19 is Yes, then answer Question 20. If you answered No, then proceed to Question 23.

///

6
(PROPOSED) JUDGMENT ON JURY SPECIAL VERDICT

**Question No. 20:**

      Did Mahim Khan consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

    ✓ Yes    ___No

If your answer to Question 20 is Yes, then answer Question 21.  If you answered No, then proceed to Question 23.


**Question No. 21:**

      Did a supervisor engage in the harassing conduct?

    ✓ Yes    ___No

If your answer to Question 21 is Yes, then answer Question 22.  If you answered No, then proceed to Question 23.


**Question No. 22:**

      Was the harassing conduct a substantial factor in causing harm to Mahim Khan?

    ✓ Yes    ___No


**Proceed to Question No. 23.**


**Sexual Harassment - Hostile Work Environment
(FilmOn TV, Inc.)**

**Question No. 23:**

      Was Mahim Khan an employee of FilmOn TV, Inc.?

    ✓ Yes    ___No

If your answer to Question 23 is Yes, then proceed to Question 24.  If you answered No, then proceed to Question 30.

/ / /

/ / /

**Question No. 24:**

Was Mahim Khan subjected to unwanted harassing conduct because she is a women?

✓ Yes ___No

If your answer to Question 24 is Yes, then proceed to Question 25. If you answered No, then proceed to Question 30.


**Question No. 25:**

Was the harassment severe or pervasive?

✓ Yes ___No

If your answer to Question 25 is Yes, then proceed to Question 26. If you answered No, then proceed to Question 30.


**Question No. 26:**

Would a reasonable woman in Mahim Khan's circumstances have considered the work environment to be hostile, intimidating, offensive or abusive?

✓ Yes ___No

If your answer to Question 26 is Yes, then answer Question 27. If you answered No, then proceed to Question 30.


**Question No. 27:**

Did Mahim Khan consider the work environment to be hostile, intimidating, offensive, oppressive, or abusive?

✓ Yes ___No

If your answer to Question 27 is Yes, then answer Question 28. If you answered No, then proceed to Question 30.

///

///

**Question No. 28:**

    Did a supervisor engage in the harassing conduct?

    ✓ Yes   ___No

If your answer to Question 28 is Yes, then answer Question 29.  If you answered No, then proceed to Question 30.

**Question No. 29:**

    Was the harassing conduct a substantial factor in causing harm to Mahim Khan?

    ✓ Yes   ___No

**Proceed to Question No. 30**

<u>**Sexual Harassment - Hostile Work Environment**</u>
<u>**(Alkiviades ("Alki") David)**</u>

**Only answer Question No. 30 if you answered Yes to Question No. 13 or 20 or 27.**

**If you are not required to answer Question No. 30, proceed to Question No. 32.**

**Question No. 30:**

    Did Alki David engage in the harassing conduct?

    ✓ Yes   ___No

If your answer to Question 30 is Yes, then answer Question 31.  If you answered No, then proceed to Question 32.

**Question No. 31:**

    Was the harassing conduct a substantial factor in causing harm to Mahim Khan?

    ✓ Yes   ___No

**Proceed to Question No. 32**

<u>Damages</u>

**Only answer Question 32, if you answered "Yes" to any of the following Questions: 4, 8, 15, 22, 29, or 31.**

If you are not required to answer Question 32, stop here, answer no further questions and have the presiding Juror sign and date this form.  Otherwise, proceed to answer Question 32.

**Question No. 32**

What are Mahim Khan's damages?

A.    <u>Past Non-Economic loss</u>, including physical pain/mental suffering.

Enter the amount below if you find that Hologram USA, Inc. and/or Alki David Productions, Inc., and/or FilmOn TV, Inc., and/or Alkiviades David is/are liable to Mahim Khan for one or more of her claims.

$ ___3,000,000._____

B.    <u>Future Non-Economic loss</u>, including physical pain/mental suffering.

Enter the amount below if you find that Hologram USA, Inc. And/or Alki David Productions, Inc., and/or FilmOn TV, Inc., and/or Alkiviades David is/are liable to Mahim Khan for one or more of her claims.

$ ___5,000,000._____

(~~PROPOSED~~) JUDGMENT ON JURY SPECIAL VERDICT

1        C.     <u>Past Economic losses</u>:

2        Enter the amount below if you find that Hologram USA, Inc. And/or Alki David

3  Productions, Inc., and/or FilmOn TV, Inc., and/or Alkiviades David is/are liable to Mahim Khan

4  for one or more of her claims.

5                Lost earnings                 $    40,000. <u>          </u>

6                Medical expenses          $      0 <u>           </u>

7

8        D.     <u>Future Economic losses</u>:

9                Lost earnings                 $    80,000. <u>          </u>

10               Medical expenses          $    130,000. <u>        </u>

11  **Proceed to Question no. 33**

12

13                                       **<u>Punitive Damages</u>**

14  **Only answer Question 33 below if you awarded damages in Question No. 32.  If you did not**

15  **award damages in Question No. 32, stop here, answer no further questions, and have the**

16  **presiding Juror sign and date this form.  Otherwise, proceed to answer Question No. 33.**

17

18  **Question No. 33:**

19        Did Mahim Khan prove by clear and convincing evidence that Mr. David engaged in

20  harassing and/or violent conduct with malice, oppression, or fraud?

21         ✓ Yes     ___No

22

23        It appearing by reason of said verdict that plaintiff Mahim Khan is entitled to judgment

24  against defendants Alki David Productions, Inc., Filmon TV, Inc., and Alkiviades ("Alki") David,

25  jointly and severally.

26  / / /

27  / / /

28

1    **NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Plaintiff

2  Mahim Khan recover from said Defendants Alki David Productions, Inc., Filmon TV, Inc., and

3  Alkiviades ("Alki") David, jointly and severally for damages in the amount of $8,250,000.

4  with interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this

5  judgment until paid together with attorney fees, and costs in the amount of $_____).

6

7    On December 2, 2019, the jury returned its special verdict on punitive damages as follows:

8    **(VERDICT PHASE II)**

9    **WE, THE JURY IN THE ABOVE-ENTITLED MATTER, FIND THE**

10  **FOLLOWING SPECIAL VERDICT ON THE QUESTION PRESENTED TO US:**

11

12    What amount of punitive damages, if any, do you award Mahim Khan against Alkiviades

13  David?

14         $ _____ 50,000,000. _____

15

16    It appearing by reason of said verdict that plaintiff Mahim Khan is entitled to judgment

17  against defendant Alkiviades ("Alki") David in the amount of $50,000,000.

18    **NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Plaintiff

19  Mahim Khan recover from Defendant Alkiviades ("Alki") David for punitive damages in the

20  amount of $50,000,000.00 with interest thereon at the rate of ten percent (10%) per annum from

21  the date of the entry of this judgment until paid together with attorney fees, and costs in the

22  amount of $_____).

23

24

25  DATED: __ 12/18/2019 __

26                           Hon. Michelle Williams Court
                             Judge of the Superior Court

27

28

---
12
(PROPOSED) JUDGMENT ON JURY SPECIAL VERDICT

1

## PROOF OF SERVICE

2

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4
        I am employed in the County of Los Angeles, State of California.  I am over the age of 18
5   and not a party to the within action; my business address is:  6300 Wilshire Boulevard, Suite
    1500, Los Angeles, California 90048.
6
        On **December 3, 2019** I served the foregoing document described as **(PROPOSED)**
7   **JUDGMENT ON JURY SPECIAL VERDICT**  on interested parties in this action

8   [X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes at Los
           Angeles, California addressed as follows:
9

10         Ellyn S. Garofalo, Esq.                      Alkiviades David
           Amir Kaltgrad, Esq.                          C/O Hologram Theatre
11         **VENABLE LLP**                              6656 Hollywood Boulevard
           2049 Century Park East, Suite 2300           Los Angeles, CA 90028
12         Los Angeles, CA 90067
           esgarofalo@venable.com                       Alkiviades David
13         amir.kaltgrad@venable.com                    23768 Malibu Road
                                                        Malibu, CA 90265
14

15  [X]    **BY MAIL:**  I caused such envelope with postage thereon fully prepaid to be placed in the
           United States mail at Los Angeles, California.
16
    [ ]    **BY E-MAIL:**  I caused such document to be electronically served via email to the email
17         address of the addressee(s).

18  [ ]    **BY PERSONAL SERVICE:**  I caused such envelope to be personally served on the
           Addressee(s) to the offices of the addressee(s).
19
        Executed on **December 3, 2019** at Los Angeles, California.
20

21  [X]    **State**   I declare under penalty of perjury under the laws of the State of California that the
           above is true and correct.
22
    [ ]    **Federal**   I declare that I am employed in the office of a member of the bar of this Court at
23         whose direction the service was made.

24

25

26                                             ANGIE O. PAZ

27

28

1

<u>**PROOF OF SERVICE**</u>

2

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4            I am employed in the County of Los Angeles, State of California.  I am over the age of 18
     and not a party to the within action; my business address is:  6300 Wilshire Boulevard, Suite
5    1500, Los Angeles, California 90048.

6            On **January 21, 2020** I served the foregoing document described as **NOTICE OF
     ENTRY OF JUDGMENT ON SPECIAL VERDICT**  on interested parties in this action

7

     **[X]**    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes at Los
8            Angeles, California addressed as follows:

9        Ellyn S. Garofalo, Esq.                      Alkiviades David
         Amir Kaltgrad, Esq.                          C/O Hologram Theatre
10       **VENABLE LLP**                              6656 Hollywood Boulevard
         2049 Century Park East, Suite 2300           Los Angeles, CA 90028
11       Los Angeles, CA 90067
         esgarofalo@venable.com
12       amir.kaltgrad@venable.com                    Alkiviades David
                                                      23768 Malibu Road
                                                      Malibu, CA 90265
13

14   [ ]    **BY MAIL:**  I caused such envelope with postage thereon fully prepaid to be placed in the
            United States mail at Los Angeles, California.

15   [ ]    **BY E-MAIL:**  I caused such document to be electronically served via email to the email
16          address of the addressee(s).

17   **[X]**   **BY OVERNIGHT MAIL:** I enclosed the documents on the date shown below in an
            envelope or package provided by an overnight delivery carrier and addressed to the
            person at the addresses above.  I placed the envelope or package for collection and
18          overnight delivery at an office or a regular utilized drop box of the overnight delivery
            carrier.

19
     Executed on **January 21, 2020** at Los Angeles, California.
20

     **[X]**   **State**   I declare under penalty of perjury under the laws of the State of California that the
21          above is true and correct.

22   [ ]    **Federal**   I declare that I am employed in the office of a member of the bar of this Court
            at whose direction the service was made.

23

24

25                                    ANGIE O. PAZ

26

27

28

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 28th day of April, 2022, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system as follows:

Paul S. Padda
Paul Padda Law, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada  89103
(702) 366-1888
Fax: 702-366-1940
psp@paulpaddalaw.com

Nathan Goldberg
Allred, Maroko & Goldberg
6300 Wilshire Blvd., Ste 1500
Los Angeles, CA 90048
(323)653-6530
Fax: (323) 653-1660
ngoldberg@amglaw.com

*/s/ Rosemary Reyes*
Employee of Chesnoff & Schonfeld