UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, | ) |
|           Plaintiff, | ) Case No.: 2:22-cv-0476-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| GREGORY E. BURNS, *et al.*, | ) |
|           Defendants. | ) |

Pending before the Court is Plaintiff Jane Doe's ("Plaintiff's") Motion to Remand, (ECF No. 9). Defendant Gregory Burns ("Defendant") filed a Response,[1] (ECF No. 12), to which Plaintiff filed a Reply, (ECF No. 16).

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.

I.    **BACKGROUND**

This is a sexual battery action removed from state court. Plaintiff alleges that on September 21, 2019, she was introduced to Defendant at the Omnia Nightclub in Las Vegas, Nevada. (Am. Compl. ¶¶ 10–26, Ex. 1-2 to Pet. Removal, ECF No. 1-1). Plaintiff further alleges that after consuming mixed drinks prepared by Defendant, she lost consciousness. (*Id.* ¶ 27). The next day, Plaintiff awoke in Defendant's bed. (*Id.* ¶ 28). Plaintiff alleges that Defendant engaged in sexual intercourse with her while she was incapable of consenting. (*Id.* ¶¶ 31–32).

///

---

[1] Defendant additionally filed a duplicate version of his Response, (ECF No. 13). This Response is identical to the present [12] Response, except that it does not have exhibits attached. Accordingly, the Court will refer to the [12] Response throughout this Order.

On September 1, 2021, Plaintiff filed her first Complaint in Eighth Judicial Court of Nevada. (*See generally* Compl. Ex. 1-1 to Pet. Removal, ECF No. 1-1). On September 3, 3021, Plaintiff filed the present Amended Complaint asserting the following causes of action: (1) battery; (2) negligence; (3) negligent/intentional infliction of emotional distress. (Am. Compl. ¶¶ 41–62, Ex. 1-2 to Pet. Removal). On March 16, 2022, Defendant removed this action to federal court on the basis of diversity jurisdiction.[2] (*See generally* Pet. Removal, ECF No. 1). Plaintiff now seeks to remand to state court. (*See generally* Mot. Remand, ECF No. 9).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant has the burden of establishing that removal is proper,' and the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in

---

[2] Defendant alleges that his removal was timely because he was not served with Plaintiff's Complaint and Amended Complaint until February 28, 2022. (Pet. Removal ¶ 19, ECF No. 1).

controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Additionally, 28 U.S.C. § 1446 requires a removing defendant asserting diversity jurisdiction to file the notice of removal within 30 days of receipt by the defendant of the initial pleading or, if the case stated by the initial pleading is not removable, within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

### III. DISCUSSION

As a preliminary matter, Plaintiff argues that Defendant's removal violated the forum defendant rule because Defendant is a citizen of Nevada. (Mot. Remand 14:7–15:2, ECF No. 9); (Reply 2:9–3:8 and 5:8–6:9, ECF No. 16). The Court agrees.

28 U.S.C. § 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This provision, referred to by courts as the "forum defendant rule," "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oat Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *see also Spencer v. U.S. Dist. Court for Northern Dist. Of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (holding that "the presence of a local defendant at the time removal is sought bars removal."). For purposes of diversity jurisdiction, "'diversity of citizenship is assessed at the time the action is filed.'" *Firebaugh v. U.S.*, No. 3:12-cv-00242, 2015 WL 5165855, at *1 n.1 (D. Nev. Sept. 3, 2015) (quoting *Freeport-McMoran, Inc. v. K N Energy Inc.*, 498 U.S. 426, 428 (1991) (per curiam)).

///

Here, Plaintiff's Complaint was filed on September 1, 2021. (*See generally* Compl., Ex. 1-1 to Pet. Removal). Therefore, the Court will assess Defendant's citizenship on that date. In Defendant's Petition for Removal, he notes that "[a]lthough the Complaint asserts Defendant . . . is a resident of Nevada," he now "resides and is domiciled in the State of Tennessee." (Pet. Removal ¶ 7). However, Defendant neither explains when he moved to Tennessee nor provides any evidence that he is now a citizen of Tennessee. (*See generally* Pet. Removal and Resp.). This case was removed to federal court solely "on the basis of diversity jurisdiction," and Defendant "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). Defendant's conclusory assertions are insufficient to show that his domicile changed prior to Plaintiff filing her Complaint.

Contrary to Defendant's argument, the evidence demonstrates that Defendant was a citizen of Nevada at the time Plaintiff filed her Complaint. Indeed, Defendant concedes in his Response that "diversity jurisdiction exist[s] as a result of Defendant being a Nevada citizen and Plaintiff being a Pennsylvania citizen on September 1, 2021 (the date the Complaint was filed in the Eighth Judicial Court)." (Resp. 6:9–12, ECF No. 12). Moreover, on September 9, 2021, six days after Plaintiff filed her Amended Complaint, Defendant filed a defamation suit against Plaintiff in Pennsylvania. (Order to Enlarge Time at 62:7–12, Ex. 1 to Mot. Remand, ECF No. 9-1). In that suit, Defendant asserted that he was a citizen of Nevada. (Def.'s Pennsylvania Compl. at 1, Ex. C. to Resp., ECF No. 12-1). Based on the foregoing, Defendant has failed to show he was not a citizen of Nevada when this action commenced. Accordingly, because Defendant is a citizen of Nevada, the forum defendant rule barred him from removing this action to federal court.

Title 28 U.S.C. § 1447 provides that, along with remanding the case to state court, this District Court "may require the payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." Absent unusual circumstances, courts may award attorney fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal; conversely, where an objectively reasonable basis exists, fees should be denied. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). An award of attorney's fees can be granted in the absence of bad faith regarding removal. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

Here, Defendant had no objectively reasonable basis to seek removal. For this reason, the Court will award Plaintiff reasonable attorney's fees and costs. Plaintiff shall submit a motion for reasonable attorney's fees and costs that complies with Local Rule 54–16.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 9), is **GRANTED**. **IT IS FURTHER ORDERED** that the case be remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Unredacted Exhibits, (ECF No. 15), is **DENIED as moot**.

**DATED** this __14__ day of November, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT