**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JANE DOE,

Plaintiff,

vs.

GREGORY E. BURNS, *et al.*,

Defendants.

Case No.: 2:22-cv-0476-GMN-VCF

**ORDER**

Pending before the Court is Plaintiff Jane Doe's ("Plaintiff's") Amended Motion for Attorney's Fees, (ECF No. 21). Defendant Gregory Burns ("Defendant") filed a Response, (ECF No. 22), to which Plaintiff filed a Reply, (ECF No. 23).

Further pending before the Court is Plaintiff's First Motion for Attorney's Fees. (ECF No. 20).

For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Amended Motion for Attorney's Fees and **DISMISSES as moot** Plaintiff's First Motion for Attorney's Fees.[1]

## I. BACKGROUND

This is a sexual battery action removed from state court. On November 14, 2022, the Court entered an Order, (ECF No. 19), granting Plaintiff's Motion to Remand, (ECF No. 9). The Order found that Defendant's removal violated the "forum defendant rule" because Defendant is a citizen of Nevada. (Order 3:10–4:23, ECF No. 19). The Order further granted Plaintiff leave to file a motion for reasonable attorney's fees and costs because Defendant had

[1] Plaintiff's Amended Motion for Attorney's Fees supersedes the First Motion for Attorney's Fees and is thereby treated as the operative motion.

no objectively reasonable basis to seek removal. (*Id.* 4:24–5:10). Plaintiff subsequently filed the present Amended Motion for Attorney's Fees. (*See generally* Am. Mot. Atty's Fees, ECF No. 21). The Court discusses this Motion below.

## II. LEGAL STANDARD

### A. Awarding Attorney's Fees

An order remanding a case to state court may include an award of attorney's fees. 28 U.S.C. § 1447(c). A district court has wide discretion to grant attorney's fees. *Moore v. Permanent Medical Group*, 981 F.2d 443, 446 (9th Cir. 1992). Generally, fees may be awarded when removal, "while fairly supportable, was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 1999).

### B. Amount of Attorney's Fees

In determining the reasonableness of a request for attorney's fees, a court considers several factors including: (1) the reputation and skill of counsel; (2) the financial terms of the client fee arrangement; (3) the nature and extent of work performed and results obtained; and (4) awards in similar cases. *See, e.g.*, LR 54-16(b)(3); *Resurrection Bay Conservation Alliance v. City of Seward Alaska*, 640 F.3d 1087, 1095 (9th Cir. 2011).

## III. DISCUSSION

### A. The Forum Defendant Rule

As an initial matter, Defendant argues that Plaintiff's award of attorney's fees should be reduced because he had an objectively reasonable basis to remove. Specifically, Defendant maintains that diversity jurisdiction existed because Plaintiff is allegedly a citizen of Pennsylvania, and Defendant is a citizen of Nevada. (Resp. at 1–2, ECF No. 22). In response, Plaintiff contends that her domicile is irrelevant because the "forumdefendant rule" barred removal since Defendant is a citizen of Nevada. (Reply 2:1–3:26, ECF No. 23).

The forum defendant rule prohibits a matter from being removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Lively Wild Oats Mkt., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (stating that the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"). The purpose of the forum defendant rule is to prevent "a local defendant from removing on the basis of diversity jurisdiction," and "allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court" on the ground that the defendant is a resident of the forum. *Lively*, 456 F.3d at 940.

A plaintiff may waive the right to remand based on the forum defendant rule by affirmatively consenting to removal or failing to file a timely motion to remand. 28 U.S.C. § 1447(c); *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988). Motions for remand based on procedural defects must be filed within thirty days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

Applying these principles, the Court found that the forum defendant rule applies. Defendant is domiciled in Nevada and does not dispute this. Defendant filed his Petition of Removal on March 16, 2022, (Pet. Removal, ECF No. 1), and Plaintiff filed her Motion to Remand on April 14, 2022. (Mot. Remand, ECF No. 9). Thus, Plaintiff filed a timely motion to remand within thirty (30) days of removal. It is true that the forum defendant rule is waivable, but Defendant offers nothing to show that Plaintiff affirmatively consented to removal. To the contrary, Plaintiff's filing of a Motion to Remand and Reply made clear that she did not consent to removal, thereby putting Defendant on notice that his removal was improper. "Even though the [forum defendant rule] is merely procedural and thus waivable, 'it would flout the

forum defendant rule if the Court were to condone in-state defendants baselessly removing to federal court in the hopes that a plaintiff will waive its right to remand. Neither the removal statute nor this Court countenances such wasteful gambling." *Mendoza v. Yu*, No. 21-cv-08632, 2022 WL 17862, at *3 (N.D. Cal. Jan. 3, 2022) (quoting *Everest Sys. Co. v. Platinum Roofing, Inc.*, No. 19-cv-03133, 2019 WL 3387951, at *2 (N.D. Cal. July 26, 2019); *Open Text Inc. v. Beasley*, No. 21-cv-03986, 2021 WL 3261614, at *6–7 (N.D. Cal. July 30, 2021 (awarding attorney's fees where plaintiff made repeated efforts to have defendant voluntarily remand case by bringing the forum defendant rule to her attention, yet defendant "refused even to acknowledge this issue"). Accordingly, the Court disagrees with Defendant's contention that he had an objectively reasonable basis to seek removal.

**B. Amount of Attorney's Fees**

When a party seeks a fee award under a federal fee-shifting statute, the court determines the award using the "lodestar method." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonable expended on the litigation by a reasonably hourly relate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal citation omitted). The party seeking fees bears the burden to submit evidence supporting the rates claimed and the hours worked. *Hensley*, 461 U.S. at 433; *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 20006). In reviewing a motion for attorney fees, the court willy rely on its own experience to determine whether the amount requested is reasonable. *See Hensley*, 461 U.S. at 437.

The Court first assesses the reasonableness of the rate claimed.

**1. Reasonableness of the Rate Claimed**

"The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested." Meza-Perez, Sbarro LLC, No. 2:19-cv-00373, at *3 (D. Nev. Aug. 13, 2020) (citation omitted). The attorney's rate is "calculated according to

the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895–96 & n.11 (1984). The relevant "community" is the district in which the court sits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). "For the Las Vegas market, this Court has regularly awarded fees where the hourly rate at issue were $400 or less." *Int'l Inst. of Mgmt. v. Org for Econ. Cooperate & Dev.*, No. 2:18-cv-01748, 2019 WL 5578485, at *6–7 (D. Nev. Oct. 29, 2019).

In this case, Plaintiff's declaration supporting the fee requests states that the hourly rate for her counsel is $550. (Paul Padda ("Padda") Decl. ¶ 11, 13, Ex. A to Am. Mot. Atty's Fees, ECF No. 21). Even considering that Plaintiff's counsel is an "experienced litigator," (*id*. ¶ 9), with a career spanning more than two decades, (*id*. ¶ 6), "[t]here is ample case law establishing that the upper range of the prevailing rates in this District is $450 for partners . . . ." *Capitol One, National Association v. SFR Investments Pool 1, LLC*, No. 2:17-cv-00604, 2019 WL 9100174, at *7 (D. Nev. Sept. 24, 2019); *see Sinayan v. Luxury Suites Int'l*, No. 2:15-cv-00225, 2016 WL 4394484, at *4 & n.4 (D. Nev. Aug. 17, 2016) (collecting cases). The Court cannot find a basis to award an hourly rate of $550 for what was a rather straightforward motion. *See Owen v. Stokes et al.*, No. 2:18-cv-1581-GMN-DJA, 2020 WL 127552, at *4 (D. Nev. Jan. 10, 2020) (finding a rate of $645 hourly rate for a senior partner with 47 years of experience, and a rate of $329 for an associate with nine years' experience unreasonable); *Wunderlich v. State Farm Mutual Automobile Insurance Company*, No. 2:21-cv-00486, 2021 WL 6138236, at *2 (D. Nev. Dec. 28, 2021) (rejecting the practitioner's request for a $500-dollar hourly fee. Accordingly, taking into consideration the market rate in the relevant community, the Court awards Plaintiff's counsel an hourly rate of $450.

**2. Hours Reasonably Expended**

"The touchstone in determining the hours for which attorneys' fees should be calculated

is whether the expenditure of time was reasonable." *Garcia v. Service Employees International Union*, No. 2:17-cv-01340, at *2 (D. Nev. Jan. 17, 2019) (citing *Marrocco*, 291 F.R.D. at 588). The Court "has a great deal of discretion in determining the reasonableness of the fee, and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (citation omitted). The reasonableness of the hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g, Hensley*, 461 U.S. at 433. In making the determination of the reasonableness of hours, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *Marrocco*, 291 F.R.D. at 588.

In this case, Plaintiff seeks to recover attorney's fees for 35.3 hours. (Hours Expended at 1–4, Ex. A. to Padda Decl. to Ex A. to Am. Mot. Atty's Fees, ECF No. 21-1). In response, Defendant contends that the hours claimed are unreasonable for two reasons. First, Defendant argues that Plaintiff inappropriately included billing entries related to Defendant's Motion for Leave to File Unredacted Exhibits because this Motion was mooted by the Court's Order remanding this case. (Resp. at 4). Second, Defendant maintains that Plaintiff improperly included hours related to drafting the instant Amended Motion for Attorney's Fees. (*Id.*).

The Court disagrees with Defendant's arguments. The language of § 1447(c) permits a court to award attorney fees "incurred as a result of the removal." "The language does not limit fees and costs to those specifically spent drafting the motion to remand." *Simrell v. Teva Pharmaceutica USA*, Inc., No. 2:18-cv-00477, 2018 WL 10509889, at *2 (N.D. Ala. Nov. 6, 2018). Indeed, the Untied States Court of Appeals for the Seventh Circuit has observed that § 1447(c) "contemplate[d] that the victor should recoup his full outlay." *Wisconsin v. Hotline*

*Indus., Inc.*, 236 F.3d 363, 367 (7th Cir. 2000). "When their adversary wrongfully drags [the victor] into a second judicial system the loser must expect to cover the incremental costs." *Id*. at 367–68 (quoting *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000).

Defendant is correct that the time Plaintiff spent responding to his Motion for Leave to File Unredacted Exhibits and drafting the instant Amended Motion for Attorney's Fees is separate than the issues surrounding whether remand was appropriate. But Defendant's argument ignores that Plaintiff's filings were directly because of Defendant's improper decision to remove in the first place. *See Simrell*, 2018 WL 10509889, at *2 (awarding attorney's fees for costs the plaintiff incurred responding to motions to dismiss because the defendants had "improvidently removed the case"); *Ciolino v. Ryan*, No. 03-cv-1396, 2003 WL 21556959, at *10 (N.D. Cal. July 9, 2003) ("[A]n award of attorney's fees in this case is required to reimburse Ciolinoi for the 'wholly unnecessary litigation costs' that the improvident removal of this action caused him to incur.") (citation omitted). Thus, the time spent on these filings were incurred because of Defendant's improvident decision to remove. Therefore, the Court declines to strike the hours Plaintiff's counsel expended responding to Defendant's Motion for Leave to File Unredacted Exhibits and time spent on the Amended Motion for Attorney's Fees.

Although not argued by Defendant, the Court does believe that the hours claimed by Plaintiff's counsel surrounding whether remand was warranted is excessive. As previously stated, Defendant committed a clear violation of the forum defendant rule. This issue was not particularly complex and did not require any extensive analysis of case law or court rules. Accordingly, the Court concludes that Plaintiff's counsel should only recover for thirty (30) hours of his time.

In sum, the lodestar consists of thirty (30) hours expended at an hourly rate of $450, for a total award of $13,500.

**C. CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion for Attorney's Fees is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER ORDERED that Plaintiff's First Motion for Attorney's Fees, (ECF No. 20), is **DISMISSED as moot**.

**DATED** this 14 day of February, 2023.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT